UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CLAUDE ROBERTSON,** individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**TRINITY PACKAGING CORPORATION,**<br><br>Defendant. | Case No. |

## COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND

Plaintiff, CLAUDE ROBERTSON, individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Collective Action Complaint against Defendant, TRINITY PACKAGING CORPORATION, and states as follows:

## INTRODUCTION

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, CLAUDE ROBERTSON (hereinafter referred to as "Plaintiff"), individually and on behalf of all similarly situated persons employed by Defendant, TRINITY PACKAGING CORP. (hereinafter referred to as "Defendant"), arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. Defendant Trinity Packaging Corp. "manufactures and markets plastic packaging products worldwide." The company offers heavy duty industrial films, as well as specialty films and lamination products. Trinity Packaging Corporation was founded in 1917. It was formerly known as Trinity Paper and Plastics and changed its name to Trinity Packaging Corporation in 1988. It operates plants in Buffalo, New York; and Rocky Mount, Virginia. As of April 10,

1

2017, Trinity Packaging Corporation operates as a subsidiary of ProAmpac LLC.[1]

3. Plaintiff and the other machine operators employed by Defendant were victims of Defendant's common unlawful policies in violation of the FLSA, including:

- a. Failing to pay hourly-paid machine operators for time spent working "off the clock" before and/or after their scheduled shifts;

- b. Maintaining a company-wide rounding policy that impermissibly always rounds *down* time spent performing pre- and post-shift work;

- c. Maintaining a company-wide policy of not paying hourly-paid machine operators for increments of time worked before and after their shifts under fifteen (15) minutes until approximately March 2019;

- d. Maintaining a company-wide policy of not paying hourly-paid machine operators for increments of time worked before and after their shifts under seven (7) minutes after approximately March 2019; and

- e. Failing to pay Plaintiff and other hourly-paid machine operators the federal mandated rate of one and one-half times their hourly rate for all hours worked over 40 in a workweek.

4. As a result, there were many weeks in which Plaintiff and other machine operators did not receive compensation calculated at time-and-a-half (1.5) of their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

5. Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated machine operators employed by Defendant in the applicable time period, and seeks unpaid overtime wages, in addition to liquidated damages, fees and costs, and any other remedies to which they may be entitled.

**JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et*

---

[1] *See* Defendant Trinity Packaging Corp.'s Bloomberg Private Company Profile: https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapid=4277501 (last accessed May 9, 2019).

*seq.*

7. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

8. This Court has personal jurisdiction over Defendant because Defendant does business within the state of New York maintains systematic and continuous contacts with the State of New York.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of this judicial district.

## PARTIES

10. Plaintiff CLAUDE ROBERTSON is a resident of Glade Hill, Virginia.

11. Plaintiff worked for Defendant as a machine operator from approximately August 2010 through approximately April 15, 2019.

12. Plaintiff signed a consent form to join this lawsuit, which is attached as *Exhibit 1*.

13. Defendant is a for-profit corporation based in New York with plants in Buffalo, New York and Rocky Mount Virginia and a principal executive office in Cincinnati, Ohio.

## FACTUAL ALLEGATIONS

**FLSA Coverage**

14. The FLSA applies in this case on an enterprise basis.

15. Defendant's annual sales exceed $500,000.

16. At all relevant times Defendant has had more than two employees engaged in interstate commerce.

17. Plaintiff and the other hourly-paid machine operators engaged in interstate

3

commerce during their employment and therefore they were/are also covered by the FLSA on an individual basis.

18. Defendant has employed machine operators at most, if not all, of its manufacturing locations.

19. Plaintiff's and other hourly-paid machine operators' job duties have included producing packaging products for Defendant, among other duties.

20. Defendant has classified Plaintiff and the other hourly-paid machine operators as hourly-paid, non-exempt employees, and has not guaranteed them a minimum weekly salary.

21. Plaintiff and the other hourly-paid machine operators have regularly worked full-time schedules which regularly include hours in excess of forty (40) in a workweek.

22. Defendant has maintained a company-wide rounding policy that impermissibly always rounds *down* time spent performing pre- and post-shift work, in violation of 29 CFR 785.48.

23. The regulation permits employers to maintain a rounding policy only if "this arrangement averages out so that the employees are fully compensated for all the time they actually work" and "it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 CFR 785.48.

24. Defendant maintained a company-wide policy of not paying hourly-paid machine operators for increments of time worked before and after their shifts under fifteen (15) minutes, until approximately March 2019.

25. Defendant maintained a company-wide policy of not paying hourly-paid machine operators for increments of time worked before and after their shifts under seven (7) minutes after approximately March 2019.

26. Plaintiff and other hourly-paid machine operators were not paid for all time they spent working off the clock outside of their scheduled shifts, such as pre-shift preparation work, including but not limited to, preparing tools, blades, knives, measuring stamps, imarks, checking the machine for loose wires, leaks, and other faults and post-shift work, including but not limited to, working until the next machine operator arrives to replace them on the line, printing paperwork reflecting their production markers (i.e total footage, impression, and pounds) and gathering paperwork and submitting it to the office.

27. The uncompensated time Plaintiff and other hourly-paid machine operators spent working off the clock amounted to up to approximately thirty (30) minutes per day, which often would have resulted in overtime pay if compensated.

28. Defendant knew that Plaintiff and other hourly-paid machine operators were spending compensable time working off the clock pre and post shift without receiving pay, but failed to compensate them for such time.

**Plaintiff's Employment**

29. Plaintiff began working for Defendant as a machine operator in approximately August 2010, and continued working in that position until approximately April 15, 2019.

30. Throughout his employment with Defendant, Plaintiff worked in Defendant's Rocky Mount, Virginia plant.

31. As a machine operator, Plaintiff's duties included manufacturing packaging on a production line and sometimes assisting other employees, among other duties.

32. Plaintiff's hourly pay rate was approximately $16.87 per hour leading up to December 2017.

33. Plaintiff received a lowered hourly rate of pay of approximately $15.87 per hour from approximately December 2017 through the end of his employment with Defendant.

34. Plaintiff typically worked 50 plus hours per week, which consisted of 6-7 shifts of approximately eight (8) hours or more each.

35. There were shifts in which Plaintiff clocked in within fifteen (15)-minute increments prior to the start of his shift to prepare his tools, get a new knife and blade, check his machine and do other preparatory activities at his station before the line began running at 7 AM.

36. There were shifts in which Plaintiff was required to continue working on the line after the end of his scheduled shift until the next machine operator arrived to replace him.

37. There were shifts in which Plaintiff clocked out within fifteen (15)-minute increments after the end of his scheduled shift to perform work, such as preparing paperwork reflecting his production markers (i.e. total impressions, footage, pounds) to submit to the office.

38. As a result of performing unpaid work before and after his shift, throughout his employment with Defendant, there were many weeks in which Plaintiff worked hours in excess of forty (40) in a workweek for which he did not receive compensation at time-and-a-half of his regular rate of pay.

39. For example, in the week of February 9, 2019 through February 14, 2019 Plaintiff worked more than 58 hours but was only paid for 58 hours.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *Any individual who worked for Defendant as an hourly-paid machine operator at any time within the period of the three (3) years prior to the commencement of this action through the date of judgment.*

(hereinafter referred to as the "FLSA Collective").  Plaintiff reserves the right to amend this definition as necessary.

41. With respect to the claims set herein, a collective action under the FLSA is

6

appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).

42. The employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

43. The employment relationships between Defendant and every FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues are the same for every FLSA Collective member, such as:

  a. Whether the FLSA Collective members spent time working pre-shift;

  b. Whether the FLSA Collective members spent time working post-shift;

  c. Whether Defendant maintained a company-wide policy or practice of always rounding *down* time spent performing pre- and post-shift work;

  d. Whether Defendant maintained a company-wide policy or practice of failing to pay FLSA Collective members for time spent working under fifteen (15)-minute increments until approximately March 2019;

  e. Whether Defendant maintained a policy or practice of failing to pay FLSA Collective members for time spent working under seven (7)-minute increments after approximately March 2019;

  f. Whether Defendant failed to pay FLSA Collective members for time working off the clock pre- and/or post-shift;

  g. Whether Defendant failed to pay FLSA Collective members time and a half for all hours they worked over 40 in a workweek; and

  h. Whether Defendant's violations of the FLSA were willful and/or in good faith.

44. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendant's

personnel and payroll records.

## COUNT I
## (29 U.S.C. § 216(b) Collective Action)
## <u>Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.</u>
## FAILURE TO PAY OVERTIME

45. Plaintiff re-alleges and incorporates all previous paragraphs herein.

46. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

47. Plaintiff and other FLSA Collective Members worked many workweeks in excess of 40 hours within the last three years.

48. At all times relevant to this action, Defendant failed to pay Plaintiff and other FLSA Collective members the federally mandated rate of 1.5 times the regular rate of pay for all hours worked in excess of 40 in a workweek.

49. In workweeks where Plaintiff and other FLSA Collective members worked 40 hours or more, they should have been paid at the federally mandated rate of 1.5 times of each employee's regular rate of pay, but were not.

50. Defendant's failure to pay Plaintiff and other FLSA Collective members overtime wages was knowing and willful. Defendant knew that its policies resulted in Plaintiff and FLSA Collective members not being paid for time spent working outside of their scheduled shift, and Defendant could have properly compensated them for such work, but did not. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

51. Defendant's failure to pay Plaintiff and other FLSA Collective members overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

52. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or his unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

53. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Claude Robertson, requests an entry of an Order granting the following relief:

  a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA overtime claims set forth herein (Count I);

  b. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

  c. Designating Plaintiff as the representative of the FLSA Collective and undersigned counsel as Class counsel for the same;

  d. Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

  e. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of damages and liquidated damages available by law;

  f.  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by statute;

  g.  Awarding pre- and post-judgment interest to Plaintiff on these damages; and

  h.  Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, Claude Robertson, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: May 21, 2019

           /s/ Jason T. Brown
           Jason T. Brown
           BROWN, LLC
           23 Green Street, Suite 303
           Huntington, New York 11743
           T: (877) 561-0000
           F: (855) 582-5297
           jtb@jtblawgroup.com

           *Attorneys for Plaintiff*