# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

**CLAUDE ROBERTSON** and **JOHN SZALASNY**,
individually, and on behalf of others similarly situated,

Plaintiffs,

vs.

**TRINITY PACKAGING CORPORATION**,

Defendant.

**Civil Action No.:**
**1:19-cv-00659-JLS-JJM**

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release (the "Agreement") is entered into by and between Claude Robertson and John Szalasny (collectively, the "Named Plaintiffs"), individually and on behalf of the classes of individuals that they seek to represent ("Class Members") (collectively, Named Plaintiffs and Class Members are also referred to herein as the "Plaintiffs"), and Trinity Packaging Corporation ("Defendant") (together with Plaintiffs also referred to herein as the "Parties").

## RECITALS

WHEREAS, the Named Plaintiffs filed suit against Defendant in the United States District Court for the Western District of New York, Civil Action No. 1:19-cv-00659-JLS-JJM, currently captioned *Robertson v. Trinity Packaging Corp.*, in which they claim that Defendant owes them wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 650 *et seq.* and 190 *et seq.* (referred to herein as "the Litigation"); and

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims (as hereinafter defined) between Plaintiffs and Defendant, including all claims asserted (or that could have been asserted) in the Litigation; and

WHEREAS, Defendant denies all of the allegations made by the Plaintiffs in the Litigation and deny that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendant has agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Defendant in the Litigation, conducted interviews with putative class and collective members, and analyzed payroll data, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery or might result in a recovery less

favorable, and that any recovery would not occur for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Plaintiffs.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.   DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1   Agreement.  "Agreement" means this Joint Stipulation of Settlement and Release.

1.2   Acceptance Period.  "Acceptance Period" means the 120 days that a Class Member has to sign and cash a Settlement Check.

1.3   Claim Form. "Claim Form" means Exhibit C, the form approved by Defendant's Counsel and Plaintiffs' Counsel and subject to Court approval, which each Participating Class Member (other than the Named Plaintiffs or Opt-In Plaintiffs) must complete in full and return, via first class mail with a postmark, email, or facsimile on or before the date forty-five (45) days following mailing, or thirty (30) days following a re-mailing, of the Notices (as defined herein), to recover a portion of the Rule 23 Settlement Fund.

1.4   Class Counsel.  "Class Counsel" or "Plaintiffs' Counsel" means Brown, LLC.  For purposes of providing any notices required under this Agreement, Class Counsel or Plaintiffs' Counsel shall refer to Jason T. Brown or Nicholas Conlon of Brown, LLC.

1.5   Class Members.  "Class Members" means the Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members.

1.6   Court.  "Court" means the United States District Court for the Western District of New York.

1.7   Days.  "Days" means calendar days unless otherwise specified herein.

1.8   Defendant. "Defendant" or "Trinity" means Trinity Packaging Corporation.  For purposes of the release of any claims under this Agreement, including but not limited to the releases set forth in paragraph 4 below, "Defendant" or "Trinity" shall mean Trinity Packaging Corporation and its parents, subsidiaries, affiliates, employee benefit plans, attorneys, insurers, predecessors, successors and assigns, and each of their respective shareholders, members, officers, directors, employees, agents, and representatives.

1.9   Defendant's Counsel.  "Defendant's Counsel" shall mean Nixon Peabody LLP.  For purposes of providing any notices required under this Agreement, Defendant's Counsel shall refer to Vincent E. Polsinelli of Nixon Peabody LLP.

**1.10** Effective Date. "Effective Date" shall be the last of the following dates:

(A) If there is no appeal of the Court's Order Granting Final Approval of the Settlement, the date 35 days after entry of such Order; or

(B) If there is an appeal of the Court's Order Granting Final Approval of the Settlement, the day after all appeals are resolved in favor of final approval.

**1.11** Employer Payroll Taxes. "Employer Payroll Taxes" means all tax withholdings an employer is required to make arising out of or based upon the payment of employment compensation in this Litigation, including FICA, FUTA, and SUTA obligations.

**1.12** Fairness Hearing. "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

**1.13** Final Approval Order. "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, distribution of the Settlement Checks and Service Awards, and Dismissal of the Litigation.

**1.14** Gross Settlement Amount. "Gross Settlement Amount" means the maximum amount of Eight Hundred Forty Thousand Dollars ($840,000.00), including any claim for attorneys' fees and costs approved by the Court, any and all amounts to be paid to Class Members, and any Court-approved Service Awards. Except for Employer Payroll Taxes, Defendant will not be required to pay any more than the gross total of Eight Hundred Forty Thousand and No/100ths Dollars ($840,000.00). The Gross Settlement Amount covers and includes all local, state and federal Wage and Hour claims of all Named Plaintiffs, Opt-in Plaintiffs and Putative Class Members, all attorneys' fees and expenses of Class Counsel, all service awards to the Named Plaintiffs, and the fees and expenses of the Settlement Claims Administrator.

**1.15** Litigation. "Litigation" means any and all claims asserted (or that could have been asserted) in the class and collective action filed in the United States District Court for the Western District of New York captioned *Robertson v. Trinity Packaging Corp.*, Civil Action No. 1:19-cv-00659-JLS-JJM.

**1.16** Named Plaintiffs. "Named Plaintiffs" means Claude Robertson and John Szalasny.

**1.17** Net Settlement Fund. "Net Settlement Fund" means the remainder of the Gross Settlement Amount after deductions for: (1) the Settlement Claims Administrator's fees and costs; (2) any amount of attorneys' fees and costs approved by the Court for Class Counsel (up to a maximum of $280,000 in attorneys' fees and $35,000 in costs); (3) any Service Awards approved by the Court for the Named Plaintiffs; and (4) the Opt-In Fund as specified herein.

**1.18** Notice or Notices. "Notice" or "Notices" means the Court-approved Notice of Proposed Settlement of Class Action and Collective Action Lawsuit and Fairness Hearing.

**1.19** Objector. "Objector" means an individual who files an objection to this Agreement, and does not include any individual who opts-out of this Agreement.

**1.20**   Opt-out Statement.  "Opt-out Statement" is a written signed statement that an individual Class Member has decided to opt-out of the New York Class and the Rule 23 Settlement Fund.

**1.21**   Opt-In Fund.  "Opt-In Fund" means an amount equal to 17% of the Net Settlement Fund from which the Named Plaintiffs' and Opt-in Plaintiffs' claims will be paid in their prorated portions.

**1.22**   Opt-In Plaintiffs.  "Opt-In Plaintiffs" means the Named Plaintiffs and those individuals who have filed a timely consent to participate in the Litigation.

**1.23**   Participating Class Members.  "Participating Class Members" shall mean, collectively, Named Plaintiff John Szalasny, the Opt-In Plaintiffs who worked in New York and do not submit a timely, valid Opt-out Statement, and all other Putative Class Members who sign and return a timely Claim Form.

**1.24**   Parties.  "Parties" shall mean, collectively, Named Plaintiffs, Opt-in Plaintiffs, Putative Class Members, and Defendant.

**1.25**   Plaintiffs.  "Plaintiffs" shall mean Named Plaintiffs, Opt-in Plaintiffs, and Putative Class Members.

**1.26**   Putative Class Members.  "Putative Class Members" shall mean those individuals who were employed by Trinity as a non-exempt, hourly production employee at its manufacturing facility located in Buffalo, New York from May 22, 2013 through March 26, 2019 (such Putative Class Members are also referred to herein collectively as the "New York Class").

**1.27**   Preliminary Approval Order.  "Preliminary Approval Order" means the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, and directing the manner and timing of providing Notices to the Class Members.

**1.28**   Qualified Settlement Fund or QSF.  "Qualified Settlement Fund" or "QSF" means the account established by the Settlement Claims Administrator for the Settlement Payment Amount paid by Defendant.  The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement and the Court's Orders for Preliminary Approval and Final Approval.

**1.29**   Released Claims.  "Released Claims" means all of the legal claims released and waived pursuant to this Agreement, as set forth herein.

**1.30**   Relevant Periods.

(A)   For purposes of Section 3.4(A), the relevant period for each Opt-In Plaintiff shall be measured for a period starting three years prior to the filing of the individual's consent to participate in the Litigation and continuing through March 26, 2019 (also referred to as the "Relevant FLSA Period").  For each Opt-In Plaintiff who opted-in after the Court-approved FLSA notice was issued in November, 2020, and who held the position of Machine

Operator, an additional period of 388 days will be added to the start of their respective Relevant FLSA period.  For each Opt-In Plaintiff who opted-in after the Court-approved FLSA notice was issued in November, 2020, and who held a position other than Machine Operator, an additional period of 172 days will be added to the start of their respective Relevant FLSA Period; and

(B)   For purposes of Section 3.4(B), the relevant period means the time period from May 22, 2013 through March 26, 2019 (also referred to as the "Relevant Rule 23 Period").

**1.31**   Rule 23 Settlement Fund.  The term "Rule 23 Settlement Fund" shall mean the amount determined by deducting the Opt-In Fund from the Net Settlement Fund.

**1.32**   Settlement Payment Amount.  The "Settlement Payment Amount" includes: (1) the amounts payable to Participating Class Members from the Net Settlement Fund; (2) the Settlement Claims Administrator's fees and costs; (3) Court-approved attorneys' fees and costs for Class Counsel; (4) Court-approved Service Awards to Named Plaintiffs; (5) the Opt-In Fund; and (6) Employer Payroll Taxes.

**1.33**   Settlement Claims Administrator.  The "Settlement Claims Administrator" will be selected by Plaintiffs' Counsel and approved by Defendant's Counsel.

**1.34**   Settlement Checks.  "Settlement Checks" means checks issued to Class Members for their share of the Opt-In Fund and Rule 23 Settlement Fund calculated in accordance with this Agreement.

## 2.   APPROVAL AND CLASS NOTICE

**2.1**   Binding Agreement.  This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement of the Litigation.

**2.2**   Retention of the Settlement Claims Administrator.  Plaintiffs' Counsel will select a Settlement Claims Administrator subject to Defendant's Counsel's approval.  The Settlement Claims Administrator will be responsible for locating Class Members through reasonable efforts; mailing of Notices and Claim Forms to Class Members in accordance with the Court's Preliminary Approval Order; administering any Opt-out Statements and objections from Class Members; responding to Class Member inquiries; resolving disputes relating to Class Members' workweeks worked and settlement share amounts; reporting on the state of the Settlement to the Parties; distributing Service Awards; calculating the Settlement Checks in accordance with the Court's Final Approval Order; distributing Settlement Checks to Class Members; calculating Employer Payroll Taxes and remitting such funds to the appropriate taxing authorities; issuing tax forms (including IRS Forms W-2 and 1099) to the appropriate taxing authorities for any payments made pursuant to this Agreement; providing Claim Forms to Plaintiffs' Counsel for filing with the Court, and providing copies of the Claim Forms to Plaintiffs' Counsel; preparing a declaration regarding its due diligence in the claims administration process; providing counsel with any information related to the administration of the settlement upon request; and performing such other duties as the Parties may jointly direct or as are specified herein.

(A)     The Parties will have equal access to the Settlement Claims Administrator and all information related to the administration of the settlement.  The Settlement Claims Administrator will provide regular reports to the Parties regarding the status of the mailing of the Notices and Claim Forms to Class Members, the claims administration process, and distribution of the Settlement Checks.

(B)     Defendant agrees to cooperate with the Settlement Claims Administrator, provide accurate information, to the extent reasonably available, necessary to calculate the Settlement Checks, and assist the Settlement Claims Administrator in locating Class Members.

**2.3     Preliminary Approval Motion.**

(A)     Within fifteen (15) days after the execution of this Agreement, Named Plaintiffs will submit to Defendant a draft Motion for an Order Conditionally Certifying the Settlement Class and Preliminarily Approving the Class Action Settlement ("Preliminary Approval Motion").  Named Plaintiffs will allow Defendant ten business (10) days to review and comment on the Preliminary Approval Motion and agree to consider Defendant's comments in good faith.

(B)     At the expiration of the review and comment period described in Section 2.3(A) above, Named Plaintiffs will file the Preliminary Approval Motion.  In connection with the Preliminary Approval Motion, Plaintiffs will submit to the Court this Agreement, the proposed Notices and Claim Form; and a proposed Preliminary Approval Order.

(C)     The proposed Preliminary Approval Order will include the findings required by Federal Rule of Civil Procedure 23(a) and 23(b)(3).

(D)     In the Preliminary Approval Motion, Class Counsel will inform the Court of the intended process to obtain a "Final Approval Order" and a "Judgment of Dismissal with Prejudice" that will, among other things: (1) approve the settlement as fair, adequate, and reasonable; (2) incorporate the terms of the Releases, as described herein; (3) dismiss the Litigation with prejudice; (4) award Class Counsel fees and costs; and (5) award Service Awards to Named Plaintiffs as more fully set forth herein.  Defendant will not oppose the Preliminary Approval Motion, unless it is inconsistent with this Agreement.

(E)     If the Court denies the Preliminary Approval Motion, unless the Parties jointly agree to seek reconsideration of the ruling, to seek Court approval of a renegotiated settlement, or to otherwise address the Court's reasons for denying the Preliminary Approval Motion, the Litigation will resume as if no settlement had been attempted.  Defendant retains the right to contest whether the Litigation should be maintained as a class or collective action and to contest the merits of the claims being asserted in the Litigation.

(F)     The Parties will work together, diligently and in good faith, to obtain expeditiously a Preliminary Approval Order, Final Approval Order, and Final Judgment and Dismissal with Prejudice.

## 2.4    Notice to Class Members

(A)     Within thirty (30) days of the Court's issuance of a Preliminary Approval Order, Defendant will provide the Settlement Claims Administrator, in electronic form, for all Class Members the following information: name, last known address, and the number of weeks that the Class Members worked during applicable periods set forth in Sections 1.29, based upon a good-faith review of its records ("Class List").

(B)     The names and contact information of the Putative Class Members are confidential.  Trinity will not provide that information to Class Counsel, but instead will provide that information to the Settlement Claims Administrator.  The Settlement Claims Administrator must treat such information confidentially and cannot share that information with Class Counsel or anyone else.  Notwithstanding this, the Settlement Claims Administrator shall provide Class Counsel with such contact information for all Class Members who participate in the settlement and for Class Members who call the Settlement Claims Administrator or Class Counsel with a question or a dispute.  Within forty-five (45) days of the Court's issuance of a Preliminary Approval Order, the Settlement Claims Administrator will send to all Putative Class Members, via First-Class United States Mail, postage prepaid, the Court-approved Notice of Settlement of Class and Collective Action Lawsuit and Fairness Hearing (Exhibit B), and Claim Form (Exhibit C).  The Notice shall inform the Putative Class Members of the method by which their prorated share of the Rule 23 Settlement Fund will be calculated.  The Settlement Claims Administrator shall provide a business-reply envelope with each Putative Class Member's Notice addressed to the Settlement Claims Administrator.  Putative Class Members shall have forty-five (45) days from the date of mailing of the Notice ("Claims Period"), or thirty (30) days from any re-mailing of the Notice for which the Putative Class Member's correct address is identified ("Re-mailing Claims Period") to submit their completed Claim Form, which must be either postmarked by, or e-mailed or facsimiled on or before, the 45th day of the Claims Period or 30th day of the Re-mailing Claims Period.  Putative Class Members who fail to return a complete and timely Claim Form within the Claims Period will be ineligible to receive any settlement payment pursuant to this Agreement, provided however that Named Plaintiff John Szalasny will receive a payment from the Rule 23 Settlement Fund regardless of whether he submits a Claim Form, and all other Opt-in Plaintiffs who worked in New York will receive a payment from the Rule 23 Settlement Fund regardless of whether they submit a Claim Form, unless they submit a timely, valid, Opt-out Statement.  A Claim Form is not complete if the Putative Class Member fails to sign the Claim Form as required.  Within five days after receipt of an incomplete form, the Settlement Claims Administrator will notify the Putative Class Member in writing that he or she must correct the Claim Form ("Cure Notice").  The Cure Notice will enclose a business-reply envelope addressed to the Settlement Claims Administrator.  Putative Class Members must

cure the deficiency by the later of: (1) 60 days from the initial mailing; or (2) 15 days from the date of the Cure Notice.

(C)     Within forty-five (45) days of the Court's issuance of a Preliminary Approval Order, the Settlement Claims Administrator will mail to all Opt-In Plaintiffs who worked for Defendant in Virginia the Court-approved Notice of Settlement of Collective Action Lawsuit and Fairness Hearing (Exhibit A).  Opt-In Plaintiffs will not be required to submit any Claim Form, but may object to the settlement, per paragraph 2.6.

(D)     The Notice of Settlement of Class and Collective Action Lawsuit and Fairness Hearing will also explain that any Putative Class Member who desires to opt out of the New York Class and Rule 23 Settlement Fund may submit a written statement with the Settlement Claims Administrator by the expiration of the Claims Period.  To be effective, the Opt-out Statement must be submitted to the Settlement Claims Administrator by U.S. Mail, fax, or email and it must be postmarked no later than 45 days from the mailing of the Notice to the Putative Class Member, or for any Putative Class Member whose Notice was returned undeliverable within 30 days of the date of the mailing for which the Class Member's correct address is identified, but in any case no later than seven (7) days before the Final Fairness Hearing.

## 2.5     Putative Class Member Opt-outs.

(A)     Putative Class Members who choose to opt-out of the New York Class and Rule 23 Settlement Fund as set forth in this Agreement must submit a written, signed statement to the Settlement Claims Administrator that includes his or her name, address, and telephone number and a statement to this effect: "I opt out of the Trinity New York Class Settlement" ("Opt-out Statement").  To be effective, an Opt-out Statement must be postmarked, e-mailed, or faxed within forty-five (45) days from the mailing of the Notice to the Putative Class Member, or for any Putative Class Member whose Notice was returned undeliverable within thirty (30) days of the date of the mailing for which the Putative Class Member's correct address is identified, but in any case no later than seven (7) days before the Final Fairness Hearing ("Opt-Out Period").  For any deadline under this Agreement that is based on a postmark, in the event that there is no postmark date of the document being mailed by the Putative Class Member, it shall be presumed that the document was mailed seven (7) days prior to the Settlement Claims Administrator's receipt of the document, excluding any Sunday or other day for which no postal service was provided.  It is the responsibility of the individual seeking to opt-out to retain a copy of the Opt-out Statement and proof of timely mailing hereunder.

(B)     The Settlement Claims Administrator will stamp the postmark date on the original of each Opt-out Statement that it receives and shall serve copies of each Opt-out Statement on Class Counsel and Defendant's Counsel not later than three (3) days after receipt thereof.  Class Counsel will file stamped copies of any Opt-out Statements with their Motion for Judgment and Final Approval.  The Settlement

Claims Administrator will, within twenty-four (24) hours of the end of the Opt-out Period, send a final list of all Opt-out Statements to Class Counsel and Defendant' Counsel by email.  The Settlement Claims Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Agreement.

(C)     Any Putative Class Member who does not timely and properly submit an Opt-out Statement shall be bound by this Settlement and deemed to have released his or her state law wage and hour claims in accordance with Paragraph 2.10(E) of this Settlement regardless of whether he or she negotiates a Settlement Check.  Any Putative Class Member who negotiates a Settlement Check shall be bound by the Settlement and deemed to have released the Released Claims regardless of whether such individual also submitted an Opt-out Statement and regardless of whether any of the language on the check endorsement is changed, crossed out, or deleted.

(D)     The Named Plaintiffs shall have no rights to opt-out of the Settlement.

**2.6     Objections to Settlement.**

(A)     Class Members who do not opt-out and who wish to object to the proposed Settlement must do so in writing.  To be valid, a written objection must be mailed to the Settlement Claims Administrator via first-class mail, postage prepaid, and be received by the Settlement Claims Administrator by a date certain forty-five (45) days from the mailing of the Notice to the Class Member, but in any case no later than seven (7) days before the Final Fairness Hearing.  The written objection must include the words, "I object to the Trinity settlement" as well as all reasons for the objection.  Any reasons not included in the written objection will not be considered.  The written objection must also include the name, address, e-mail address, and telephone number for the Class Member making the objection.  The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defendant' Counsel by email and overnight delivery no later than three (3) days after receipt thereof.  Class Counsel will file the date-stamped originals of any and all objections with their Motion for Judgment and Final Approval.  It is the responsibility of any Class Member who files an objection (an "Objector") to retain a copy of the objection and proof of timely mailing hereunder.

(B)     A valid Objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector.  An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections by including the words, "I intend to appear at the Fairness Hearing" in his or her written objection.  An Objector may withdraw his or her objections at any time.

(C) No Class Member may appear at the Fairness Hearing unless he or she has submitted a timely objection that complies with the procedures provided in this Section and the previous Section. Class Members who fail to submit timely and valid objections will be deemed to have waived objections to the Settlement and will be foreclosed from making objections. A Class Member who has submitted an Opt-out Statement may not object to the Agreement.

(D) The Parties may file with the Court written responses to any objections no later than three (3) calendar days before the Fairness Hearing.

2.7 Motion for Judgment and Final Approval. Not later than fifteen (15) days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval. The Fairness Hearing shall be held at the Court's convenience, but in no event earlier than 90 days from the date of the Preliminary Approval Order is signed, in accordance with the Class Action Fairness Act.

2.8 Entry of Judgment. At the Fairness Hearing, the Parties will request that the Court, among other things, (a) certify the New York Class for purposes of settlement, (b) enter Judgment in accordance with this Agreement, (c) approve the settlement and Agreement as final, fair, reasonable, adequate, and binding on all Putative Class Members who have not opted out of the Litigation, (d) approve the FLSA settlement, and (e) dismiss the Litigation with prejudice.

2.9 Effect of Failure to Grant Final Approval. In the event the Court fails to enter Judgment in accordance with this Agreement or such Judgment does not become Final, the Parties shall resume the Litigation unless the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of Judgment, or (2) attempt to renegotiate the settlement or to otherwise address the Court's reasons for not entering Judgment and seek Court approval of the renegotiated settlement. In the event any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved:

(A) The Litigation will proceed as if no settlement had been attempted. In that event, any class certified for purposes of settlement shall be decertified, and Defendant may contest whether this Litigation should be maintained as a class or collective action and contest the merits of the claims being asserted by Plaintiffs in this action. In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule.

2.10 **Releases and Claim Forms.**

(A) A copy of the Claim Form is attached hereto as Exhibit C.

(B) All Participating Class Members will receive their respective shares of the Rule 23 Settlement Fund through the Settlement Checks issued to them by the Settlement Claims Administrator from the QSF in accordance with the Final Approval Order. No Putative Class Member will receive his or her share of the Rule 23 Settlement Fund unless he or she is a Participating Class Member.

(C)     The Settlement Claims Administrator will provide the Parties with the final list of Participating Class Members who are entitled to receive shares of the Rule 23 Settlement Fund within 20 days after the Effective Date.  The list will include for each claimant their (i) full name, (ii) best known address, (iii) social security number, and (iv) pro rata share of the settlement amount based upon the formula in Section 3.4.

(D)     The Settlement Checks will be mailed to the Named Plaintiffs, Opt-in Plaintiffs, and Participating Class Members by the Settlement Claims Administrator fifteen (15) business days after Trinity shall have deposited the Settlement Payment Amount into the QSF, as set forth in Sections 3.1(A) and 3.1(B).  For any claimant whose Settlement Check is returned as undelivered, the Settlement Claims Administrator will take reasonable steps to locate the claimant and re-mail the check.

(E)     All Putative Class Members who are provided a Notice of this Settlement and do not submit a timely, valid Opt-out Statement will be deemed to have released Trinity (and any affiliated person or entity) from any and all state law wage and hour claims that accrued during their employment with Trinity, relating back to the full extent of the applicable statutes of limitations and continuing through the effective date of the settlement, including, without limitation, all local and state claims for wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses of any kind.  To receive a payment from the Rule 23 Settlement Fund, a Putative Class Member must timely and properly complete and return a Claim Form during the Claims Period, provided however that Named Plaintiff John Szalasny will receive a payment from the Rule 23 Settlement Fund regardless of whether he submits a Claim Form, and all other Opt-in Plaintiffs who worked in New York will receive a payment from the Rule 23 Settlement Fund regardless of whether they submit a Claim Form, unless they submit a timely, valid, Opt-out Statement.

(F)     Upon the Court's final approval of the Settlement, the Named Plaintiffs, Opt-in Plaintiffs, and Participating Class Members will be deemed to have released Trinity (and any affiliated person or entity) from any and all federal law wage and hour claims that accrued during their employment with Trinity, relating back to the full extent of the applicable statutes of limitations and continuing through the effective date of the Settlement.  In addition, Named Plaintiff Szalasny and other Opt-in Plaintiffs who work(ed) in New York and do not submit a timely, valid Opt-out Statement, will be deemed to have released Trinity (and any affiliated person or entity) from all claims for wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses of any kind under any local and New York State law.

(G)     Language will be included on the Claim Form submitted by each Participating Class Member stating that: "By participating in the Trinity settlement, I am waiving any right to bring suit for back wages under the Fair Labor Standards Act and all other applicable state and local laws for overtime wages or any other wage

and hour claims through the effective date of the settlement.   I agree that by participating in the Trinity settlement, I am settling my claims for any unpaid wages, liquidated damages, interest, and associated fees and penalties through the effective date of the settlement."   Similar language will be included on the back of each check issued to Participating Class Members.

## 3.   SETTLEMENT TERMS AND ADMINISTRATION

**3.1   Settlement Amount.**

(A)   Defendant agrees to pay up to a maximum gross amount of Eight Hundred Forty Thousand and No/100ths Dollars ($840,000.00), which shall fully resolve and satisfy any claim for attorneys' fees and costs approved by the Court, any and all amounts to be paid to Class Members, any Court-approved Service Awards to Named Plaintiffs as more fully set forth herein, and the Settlement Claims Administrator's fees and costs.  Defendant will not, under any circumstances, be required to pay more than the gross total of Eight Hundred Forty Thousand and No/100ths Dollars ($840,000.00) under the terms of this Agreement, except as provided under Section 3.5(C).  Defendant will deposit the total amount of any payments due to the Named Plaintiffs and Opt-In Plaintiffs from the Opt-In Fund into the QSF within fifteen (15) business days after the Effective Date.

(B)   Defendant will deposit the Employer Payroll Taxes and total amount of payments for Participating Class Members (other than the Named Plaintiffs and Opt-In Plaintiffs) who properly and timely submit Claim Forms into the QSF within fifteen (15) business days after either: (i) receiving all information from the Settlement Claims Administrator necessary to establish the amount that must be funded for such payments; <u>or</u> (ii) the Effective Date, whichever is later.

(C)   The Settlement Claims Administrator will issue Settlement Checks to the Named Plaintiffs, Opt-in Plaintiffs, and Participating Class Members within fifteen (15) business days after receiving funding from Trinity.

(D)   Disputed claims will be resolved by the Settlement Claims Administrator, and Trinity's records shall be presumed accurate.

(E)   Participating Class Members will have 120 days from the date of mailing to cash their Settlement Checks (the "Acceptance Period").  Participating Class Members will be informed of the Acceptance Period in the Notices and on the Settlement Checks.

(F)   Any unclaimed funds and unnegotiated Settlement Checks to Participating Class Members that are not cashed within 120 days after the date of mailing shall be void and a stop payment shall be issued on the check.  Any unclaimed funds from unnegotiated checks shall revert to Trinity within 30 days.

**3.2   Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)     At the Fairness Hearing on the Motion for Final Approval, Class Counsel will petition the Court for an award of attorneys' fees of no more than Two Hundred Eighty Thousand Dollars ($280,000.00) and costs of no more than Thirty-Five Thousand Dollars ($35,000.00).  The total amount of any attorneys' fees and costs approved by the Court for Class Counsel will be deducted from the Gross Settlement Amount.  Defendant will not oppose this application, unless it is inconsistent with the terms of this Agreement.

(B)     The substance of Class Counsel's application for attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The settlement is not conditioned upon the Court's approval of Class Counsel's petition for fees and costs and the outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval. Any portion of the amount sought by Plaintiffs' counsel for attorneys' fees and costs that is not awarded by the Court will be added to the Net Settlement Fund. Defendant will deposit into the QSF any Court-approved amount for Class Counsel's attorneys' fees and costs within fifteen (15) business days after the Effective Date.  The Settlement Claims Administrator will transmit payment to Class Counsel at the same time as the payments made to Participating Class Members pursuant to Paragraph 3.1(c) above.

**3.3     Service Awards to Named Plaintiffs.**

(A)     In return for services rendered to the Class Members, at the Fairness Hearing, the Named Plaintiffs will each apply to the Court to receive Ten Thousand and No/100ths Dollars ($10,000.00) as a Service Award from the QSF.  The total amount of any Service Awards approved by the Court for the Named Plaintiffs will be deducted from the Gross Settlement Amount.  Defendant will not oppose such applications.  Defendant will deposit into the QSF any Court-approved Service Awards within fifteen (15) business days after the Effective Date.  The Settlement Claims Administrator will transmit Service Awards to the Named Plaintiffs within fifteen (15) business days after receiving funding from Trinity.  All Named Plaintiffs receiving a Service Award shall be required to execute the general release of claims described in paragraph 4.1(C) of this Agreement.

(B)     The application for Service Awards is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of the Court's ruling on the application for Service Awards will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal.  The Settlement Administrator will determine the proper tax treatment of any such service award. Any portion of the amount sought by Named Plaintiffs for service awards that is not awarded by the Court will be added to the Net Settlement Fund.

**3.4**     **Opt-In Fund, Rule 23 Settlement Fund, and Allocation to Class Members.**

(A)     The FLSA claims of the Named Plaintiffs and Opt-In Plaintiffs shall be paid out of the Opt-In Fund, with each such individual receiving a minimum payment of $25 plus an additional prorated portion of the Opt-In Fund (after each individual is allocated a minimum payment of $25). The additional prorated portion shall be calculated based on the number of weeks worked by each individual during his/her respective Relevant FLSA Period.

To calculate proportionate share of the Opt-In Fund for each Opt-In Plaintiff:

     (a)     Add all weeks for Opt-In Plaintiffs together to obtain the "Opt-In Total Denominator;"

     (b)     Divide the number of weeks for each Opt-In Plaintiff by the Opt-In Total Denominator to obtain each Opt-In Plaintiff's "Portion of the Opt-In Fund;" and

     (c)     Multiply each Opt-In Plaintiff's Portion of the Opt-In Fund by the remaining Opt-In Fund (after $25 is deducted for each Opt-In Plaintiff) and then add $25.

(B)     The allocation to the rest of the Putative Class Members for their NYLL claims will be made from the Rule 23 Settlement Fund. A Putative Class Member's proportionate share of the Rule 23 Settlement Fund will be calculated based on the number of weeks worked by each individual as a non-exempt, hourly production employee at Trinity's manufacturing facility located in Buffalo, New York during the Relevant Rule 23 Period.

To calculate each Putative Class Member's proportionate share of the Rule 23 Settlement Fund:

     (a)     Add all workweeks during the Relevant Rule 23 Period for Putative Class Members together to obtain the "Rule 23 Total Denominator;"

     (b)     Divide the number of workweeks for each Putative Class Member by the Rule 23 Total Denominator to obtain each Putative Class Member's "Portion of the Net Settlement Fund;" and

     (c)     Multiply each Putative Class Member's Portion of the Net Settlement Fund by the Net Settlement Fund.

(C)     The Claims Administrator will provide its calculations to Class Counsel and to Trinity Counsel within three (3) business days after completing the calculations referenced in this Section. Any shares of the Rule 23 Settlement Fund attributed to Putative Class Members who are not also a Participating Class Members will not be paid by Trinity.

3.5     **Tax Characterization**

(A)     For tax purposes, 50% of payments to Class Members pursuant to Section 3.4 shall be treated as wages and 50% of such payments shall be treated as non-wage compensation.

(B)     Payments treated as wages pursuant to Section 3.5(A) shall be made net of all applicable employment taxes ordinarily borne by employees, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and Social Security Number on an IRS Form W-2.  Payments treated as non-wage compensation pursuant to Section 3.5(A) shall be made without tax withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and Social Security Number on an IRS Form 1099.  Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without tax withholding and reported to the IRS and the payee under the payee's name and taxpayer identification number, which each such payee shall provide for this purpose, on an IRS Form W-9.  The Settlement Administrator will determine the proper tax treatment of any Service Payment pursuant to Section 3.3.

(C)     Employer Payroll Taxes shall not come out of the Gross Settlement Amount but shall be paid by Trinity in addition to any claimed amount of the Gross Settlement Amount.

(D)     Named Plaintiffs, Opt-in Plaintiffs, and Participating Class Members acknowledge and agree that each will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement (other than taxes specified in Section 3.5(C)) and will indemnify, defend and hold Defendant and the Settlement Claims Administrator harmless from and against any and all taxes or penalties imposed on Defendant or the Settlement Claims Administrator for taxes due under the Settlement.

(E)     The employee portion of all applicable income and payroll taxes will be the sole responsibility of the individual Class Member receiving a Settlement Check or Service Award.

4.      **RELEASE**

4.1     **Release of Claims.**

By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement:

(A)     Named Plaintiff Szalasny, any other Opt-In Plaintiff who worked in New York and does not submit a timely, valid Opt-out Statement, and each Putative Class Member who received Notice pursuant to this Agreement (except persons who timely and properly opt out of the settlement under Section 2.5 above) forever and fully release Defendant from all wage and hour claims asserted under state law by and on behalf of the New York Class (the "Released Rule 23 Claims").  The

Released Rule 23 Claims include all claims under the local and state laws of New York for unpaid wages, and any related wage and hour claims, penalties, liquidated damages and interest on such claims, and attorneys' fees and costs related to such claims relating to Putative Class Members' employment with Defendant from May 22, 2013 through the Effective Date.

(B) In addition to the Released Rule 23 Claims, by submitting their consent forms or Claim Forms, all Participating Class Members forever and fully release Defendant from all FLSA claims asserted in the Litigation ("Released FLSA Claims"). The Released FLSA Claims include all FLSA claims for unpaid overtime wages, any related wage and hour claims, liquidated damages, interest, penalties, and attorneys' fees and costs related to such claims relating to Participating Class Members' employment with Defendant through the Effective Date.

(C) In addition to the Released Rule 23 Claims and Released FLSA Claims, by signing and cashing their Settlement Checks, the Named Plaintiffs receiving a Service Award additionally waive, release and discharge Defendant from all claims, demands, causes of action, and liabilities, whether known or unknown, relating to their employment with Defendant, including but not limited to claims under the Americans With Disabilities Act, National Labor Relations Act, Fair Labor Standards Act (including but not limited to claims for overtime compensation), Equal Pay Act, Employee Retirement Income Security Act of 1974, Worker Adjustment and Retraining Notification Act, Title VII of the Civil Rights Act of 1964, Civil Rights Acts of 1866, 1871 and 1991, Age Discrimination in Employment Act, Family and Medical Leave Act, and any other federal, state or local statute, regulation, and order, and in common law, through the date the Named Plaintiffs sign this Agreement. Named Plaintiffs do not release any claim that cannot be released as a matter of law or rights under this Agreement.

(D) Nothing in this Agreement will be considered a waiver of any claims by Plaintiffs or Class Members that may arise after the Effective Date.

**4.2    Non-Admission of Liability.**  Defendant has agreed to the terms of settlement herein without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will (i) provide substantial benefits to Defendant's shareholders, (ii) avoid the further expense and disruption of Defendant's business due to the pendency and expense of litigation, and (iii) put the claims in the Litigation finally to rest.  Nothing in this Agreement shall be deemed or used as an admission of liability by Defendant, or as an admission that a class should be certified for any purpose other than settlement purposes.

**4.3**    Neither the Named Plaintiffs nor Class Counsel will make advertisements or postings relating to this Litigation or Settlement or attempt to publicize same, including through the use of social media or the Internet.  If any attorney for a party is contacted by a member of the press or other third party seeking comment on the litigation or settlement, they will limit their comments to "the parties were able to reach a mutually acceptable resolution of this matter" and, in the case of Trinity's attorneys, they may add that "Trinity has

consistently denied any wrongdoing." Notwithstanding the foregoing, counsel shall retain all other rights to discuss the Settlement with their respective clients, and Class Counsel shall retain the right to communicate with the Named Plaintiffs, Opt-in Plaintiffs, and Putative Class Members via non-public means.

**5.      INTERPRETATION AND ENFORCEMENT**

5.1     Cooperation Between the Parties; Further Acts.  The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2     No Assignment.  Class Counsel and Named Plaintiffs, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

5.3     Entire Agreement.  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5.4     Binding Effect.  This Agreement shall be binding upon the Parties and, with respect to the Named Plaintiffs, the Opt-in Plaintiffs, and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

5.5     Arms' Length Transaction; Materiality of Terms.  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.6     Captions.  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.7     Construction.  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**5.8**    Blue Penciling/Severability.  If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**5.9**    Governing Law.  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**5.10**    Continuing Jurisdiction.  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**5.11**    Waivers, etc. to Be in Writing.  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.12**    CAFA Notice.  Defendant shall timely provide notice as required by the Class Action Fairness Act ("CAFA").

**5.13**    When Agreement Becomes Effective; Counterparts.  This Agreement shall become effective upon its execution.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**5.14**    Signatures of Named Plaintiffs.  This Agreement is valid and binding if signed by Defendant's authorized representative(s) and at least one Named Plaintiff, and any Named Plaintiff's failure to sign the Agreement does not nullify the Agreement.

**5.15**    Facsimile and Email Signatures.  Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**PRIVATE & CONFIDENTIAL**
**FOR SETTLEMENT PURPOSES ONLY**
**SUBJECT TO FRE 408**

**WE AGREE TO THESE TERMS,**

DATED:  May _____, 2022          **TRINITY PACKAGING CORPORATION,**

By: _____

Its: _____

DATED:  05 / 10 / 2022          **CLAUDE ROBERTSON,**
_____        _____

DATED:  05 / 10 / 2022          **JOHN SZALASNY,**
_____        _____

4860-0929-7673, v. 4

**WE AGREE TO THESE TERMS,**

DATED: May 12th, 2022            **TRINITY PACKAGING CORPORATION,**

By: _____

Its: _____


DATED: _____            **CLAUDE ROBERTSON,**

_____


DATED: _____            **JOHN SZALASNY,**

_____


4860-0929-7673, v. 4

**Exhibit A**

---

### NOTICE OF PROPOSED COLLECTIVE AND CLASS ACTION SETTLEMENT AND FINAL APPROVAL HEARING

To:    All current and former non-exempt, hourly production employee with Trinity Packaging Corporation in its manufacturing facility located in Rocky Mount, Virginia who previously filed a timely consent to participate in the Litigation, on or before the January 22, 2021 deadline..

---

### ***PLEASE READ THIS NOTICE CAREFULLY***

IT MAY AFFECT YOUR LEGAL RIGHTS IN CONNECTION WITH YOUR EMPLOYMENT WITH TRINITY PACKAGING CORPORATION ("TRINITY").

THIS SETTLEMENT PROVIDES FOR TWO FUNDS:

(I)    THE OPT-IN FUND, WHICH WILL PAID TO ELIGIBLE EMPLOYEES WHO PREVIOUSLY OPTED IN TO THE LAWSUIT BY SUBMITTING TIMELY CONSENT-TO-JOIN FORMS, IN EXCHANGE FOR THEIR RELEASE OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT ("FLSA"); AND

(II)   THE RULE 23 SETTLEMENT FUND, SHARES OF WHICH WILL BE PAID TO ELIGIBLE EMPLOYEES WHO SUBMIT TIMELY, VALID CLAIM FORMS AND DO NOT OPT OUT OF THE SETTLEMENT, IN EXCHANGE FOR THEIR RELEASE OF CLAIMS UNDER THE FLSA AND NEW YORK LAW.

YOU WILL RECEIVE YOUR SHARE OF THE OPT-IN FUND IF THE COURT GRANTS FINAL APPROVAL OF THE SETTLEMENT. YOU DO NOT NEED TO DO ANYTHING TO RECEIVE YOUR SHARE.

YOU **ARE NOT ELIGIBLE** TO RECOVER A SHARE OF THE RULE 23 SETTLEMENT FUND BECAUSE YOU WERE NOT EMPLOYED BY TRINITY IN NEW YORK.
IF YOU WISH TO OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.

PURSUANT TO THE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK (THE "COURT") ENTERED ON [DATE OF PRELIMINARY APPROVAL], YOU ARE HEREBY NOTIFIED AS FOLLOWS:

### WHAT IS THIS NOTICE ABOUT?

A proposed settlement (the "Settlement") has been reached between Claude Robertson and John Szalasny ("Plaintiffs") and defendant Trinity Packaging Corporation ("Trinity"), in the collective and class action pending in the Court (the "Action") brought on behalf of the Opt-in Plaintiffs and

the New York Class. This notice is designed to inform you of your options regarding receiving money from the Settlement, and/or objecting to the Settlement.

The "Opt-in Plaintiffs" are the Named Plaintiffs and sixty-three (63) other individuals who previously filed a timely consent to participate in the Litigation, on or before the January 22, 2021 deadline. You have received this notice because you previously joined the case, and thus qualify as an Opt-in Plaintiff.

The New York Class is defined as:

> All current and former non-exempt, hourly production employee with Trinity Packaging Corporation in its manufacturing facility located in Buffalo, New York from May 22, 2013 to March 26, 2019.

The Court has preliminarily approved the Settlement and certified the New York Class for purposes of the Settlement only. Trinity's records indicate you are **not** a member of the New York Class defined above, because you did not work for Trinity in New York.

The Settlement Agreement establishes two settlement funds: the Opt-in Fund and the Rule 23 Settlement Fund.

Since you previously opted in to the lawsuit by submitting a consent-to-join form, you do not need to do anything, and you will receive your share of the Opt-in Fund if the Court grants final approval.

However, you *are **not** eligible* to recover a share of the Rule 23 Settlement Fund, because you are **not** a member of the New York Class.

If you believe the Court should not approve the Settlement you may state your objection by mailing a letter to the Settlement Administrator, by [45 days from mailing], explaining your objection.

To be considered timely, all objections must be submitted by [45 days from mailing] via mail, e-mail, or fax to:

*Robertson v. Trinity* Settlement Administrator
c/o [settlement administrator]
[settlement administrator address]

Objections submitted via mail will be considered timely if they are postmarked by [45 days from mailing]. Objections submitted via e-mail or fax will be considered timely if they are transmitted by [45 days from mailing].

## WHAT IS THIS LAWSUIT ABOUT?

The Action, which is currently pending in the United States District Court for the Western District of New York, is titled "*Robertson, et al. v. Trinity Packaging Corporation*, Civil Action No. 1:19-cv-00659-JLS-JJM," No. 1:19-cv-00659-JLS-JJM  (the "Action").

In this Action, Plaintiffs allege that Trinity violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"), §§ 650 *et seq.* and 190 *et seq.* by failing to pay them and other Opt-in Plaintiffs and New York Class Members for work performed before and after their scheduled shifts.

Trinity denies that it has failed to comply with the law in any respect, has engaged in any unlawful activity, or has any liability to anyone under the claims.

After good-faith negotiations, in which both sides recognized the risk of an uncertain outcome, Plaintiffs and Trinity agreed to settle the Action pursuant to the terms and conditions of the Settlement.

The Settlement represents a compromise and settlement of highly disputed claims.  Nothing in the Settlement is intended or will be construed as an admission by Trinity that Plaintiffs' claims in the Action have merit or that it has any liability to Plaintiffs or the proposed class on those claims. Trinity denied and continues to deny any such liability and maintains that it complied with all applicable laws.

The parties and their counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation. The parties and their counsel have determined that the Settlement is fair, reasonable, and adequate, and Class Counsel has determined that it is in the best interests of the members of the Class.

**SUMMARY OF THE SETTLEMENT**

## WHO IS INCLUDED IN THE SETTLEMENT?

The Settlement includes the Opt-in Plaintiffs and the members of the New York Class.

The "Opt-in Plaintiffs" are the Named Plaintiffs and sixty-three (63) other individuals who previously filed a consent to participate in the Litigation, on or before the January 22, 2021 deadline. You have received this notice because you previously joined the case, and thus qualify as an Opt-in Plaintiff.

The New York Class is defined as:

> All current and former non-exempt, hourly production employee with Trinity Packaging Corporation in its manufacturing facility located in Buffalo, New York from May 22, 2013 to March 26, 2019.

Trinity's records indicate you are **not** a member of the New York Class defined above, because you did not work for Trinity in New York.

## WHAT ARE THE TERMS OF THE SETTLEMENT?

1.      Trinity has agreed to pay up to a maximum of $840,000 (referred to as the "Gross Settlement Amount"). The Gross Settlement Amount will fund all payments to be made under the Settlement.

2.      The "Net Settlement Amount" is the amount from the Gross Settlement Amount that is available for distribution as settlement payments to Opt-in Plaintiffs and participating New York Class Members after deductions for attorneys' fees and costs, service awards, and claims administration costs, as approved by the Court.

3.      The Net Settlement Amount shall be apportioned into two funds:

      a.   Approximately 17% of the Net Settlement Amount shall be paid to settle the claims of the Named Plaintiffs and Opt-in Plaintiffs (the "Opt-in Fund"); and

      b.   The remainder of the Net Settlement Amount shall be paid to settle the claims of the New York Class (the "Rule 23 Settlement Fund").

4.      The Settlement Administrator will allocate shares from the Opt-in Fund to the Named Plaintiffs and each of the sixty-three (63) other Opt-in Plaintiffs who previously filed a timely consent to participate in the Litigation, on or before the January 22, 2021 deadline.

5.      The settlement share for an Opt-in Plaintiff will depend on the number of workweeks the individual worked in his or her FLSA Relevant Period, and the amounts awarded by the Court for attorneys' fees and costs, service awards, and claims administration costs.

6.      The Settlement Administrator will allocate settlement shares from the Rule 23 Settlement Fund to each New York Class Member who has previously submitted a timely, valid Consent-to-Join form, and to each Class Member who submits a timely, valid Claim Form, unless he or she submits a timely, valid Opt-out Statement.

7.      The Settlement Share for a Class Member will depend on the number of workweeks the Class Member worked during the period of May 22, 2013 through March 26, 2019, and the amounts awarded by the Court for attorneys' fees and costs, service awards, and claims administration costs.

8.      The settlement payments will be mailed within thirty (30) business days after the Effective Date, which means the latest date after which all of the following have occurred:  (1) the Court grants final approval of the settlement; and (2) the later of the following events: the period for filing any appeal or other appellate proceeding opposing the Settlement has elapsed without any appeal or other appellate proceeding having been filed; any appeal or

other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal or other appellate proceeding has upheld in all respects the Court's Final Approval with no right to pursue further remedies or relief.

9. Shares of the Opt-In Fund and Rule 23 Settlement Fund shall be reported to taxing authorities as follows:

   a. One-half (1/2) of each payment will be treated as a payment for unpaid wages, subject to applicable payroll tax withholding and deductions, and the Settlement Administrator will issue a Form W-2 with respect to this portion; and

   b. The remaining one-half (1/2) of each Settlement Share will be treated as payment for liquidated damages, without payroll tax withholding or deductions; and, instead, the Settlement Administrator will issue a Form 1099 with respect to this portion.

10. Named Plaintiffs Claude Robertson and John Szalasny will seek approval from the Court for payments of $10,000.00 each ("Service Awards") in consideration of initiating and pursuing the Action, undertaking the risk of liability for attorneys' fees and expenses in the event they were unsuccessful in the prosecution of the Action, and granting the general release as part of the Settlement.  This payment, which will be paid in addition to Named Plaintiffs' settlement share, will be made out of the Gross Settlement Amount.

11. As part of the final approval hearing, Class Counsel will request up to $280,000.00 for attorneys' fees plus an additional amount for litigation and administration costs. This amount constitutes full and complete compensation for all legal fees, costs, and expenses of all Collective and Class Counsel.  Collective Members and Class Members will not be required to pay Collective and Class Counsel for any other attorneys' fees, costs or expenses out of their own pockets if the Settlement Agreement and the attorneys' fees and expenses payment is finally approved by the Court.  Collective and Class Counsel's attorneys' fees and expenses as approved by the Court will be paid out of the Gross Settlement Amount.

12. The reasonable costs of administering the Settlement, including the Settlement Administrator's fees and expenses will be paid out of the Gross Settlement Amount.

13. Named Plaintiffs Claude Robertson and John Szalasny support the Settlement.  Their reasons include, but are not limited to, the risk of a trial on the merits, the risk of Trinity prevailing on any or all its defenses, the risk that the Court would not allow the case to proceed as a collective or class action, and the inherent delays and uncertainties associated with litigation. Based on their experience litigating similar wage-and-hour class actions, Class Counsel believe that further proceedings in this case, including depositions, motion practice, a trial and probable appeals, would be very expensive and protracted.  No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved.  Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believe that the Settlement is fair,

reasonable, and adequate, and is in the best interests of the Class.

## HOW DO PARTICIPATE IN THE SETTLEMENT?

1.  Since you previously opted in to the lawsuit by submitting a timely consent-to-join form, you do not need to do anything, and you will receive your share of the Opt-in Fund if the Court grants final approval.

2.  However, you *are not eligible* to recover a share of the Rule 23 Settlement Fund, because you are **not** a member of the New York Class.

3.  If the Settlement is finally approved, you will release your FLSA claims against Trinity.

## HOW DO I OBJECT TO THE SETTLEMENT?

You can object to the settlement if you disapprove of any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To submit a valid objection, you must mail a written objection to the Settlement Administrator via first-class mail, postage prepaid, e-mail or facsimile.  The written objection must include the words "I object to the Trinity Settlement," as well as all reasons for the objection.  Any reasons not included in the written objection will not be considered.  Be sure to include your name, address, telephone number, and your signature.  Send the objection to the Settlement Administrator, whose contact information is on page 3.

Your objection must be postmarked or received no later than [45 days after mailing].

## WHAT CLAIMS ARE BEING RELEASED AS PART OF THE SETTLEMENT?

1.  **FLSA Claims**. Upon the Court's final approval of the Settlement, the Named Plaintiffs, Opt-in Plaintiffs, and Participating Class Members will be deemed to have released Trinity (and any affiliated person or entity) from any and all federal law wage and hour claims that accrued during their employment with Trinity, relating back to the full extent of the applicable statutes of limitations and continuing through the effective date of the Settlement.  The Released FLSA Claims include all FLSA claims for unpaid overtime wages, any related wage and hour claims, liquidated damages, interest, penalties, and attorneys' fees and costs related to such claims relating to Participating Class Members' employment with Defendant through the Effective Date.

2.  **NYLL Claims.**  All New York Class Members who are provided a Notice of this Settlement and do not submit a timely, valid Opt-out Statement will be deemed to have released Trinity (and any affiliated person or entity) from any and all state law wage and hour claims that accrued during their employment with Trinity, relating back to the full extent of the applicable statutes of limitations and continuing through the effective date of

the settlement, including, without limitation, all local and state claims for wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses of any kind (the "Rule 23 Released Claims"). The Released Rule 23 Claims include all claims under the local and state laws of New York for unpaid wages, and any related wage and hour claims, penalties, liquidated damages and interest on such claims, and attorneys' fees and costs related to such claims relating to Putative Class Members' employment with Defendant from May 22, 2013 through the Effective Date.

3. **Effective Date.** The "Effective Date" means the latest date after which all of the following have occurred:  (1) the Court grants final approval of the settlement; and (2) the later of the following events: the period for filing any appeal or other appellate proceeding opposing the Settlement has elapsed without any appeal or other appellate proceeding having been filed; any appeal or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal or other appellate proceeding has upheld in all respects the Court's Final Approval with no right to pursue further remedies or relief.

## THE LAWYERS REPRESENTING YOU

The Court has decided that the lawyers at the law firm of Brown, LLC are qualified to represent you and all Class Members.  These lawyers are called "Class Counsel."  You will not be charged for these lawyers.  You do not need to retain your own attorney in order to participate as a Class Member.  If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

You may contact Class Counsel with any questions at:

Jason T. Brown
Nicholas Conlon
Brown, LLC
Telephone: (877) 561-0000
flsagroup@jtblawgroup.com

Class Counsel will ask the Court to approve payment of up to $280,000 as attorneys' fees and up to $35,000 as costs.  These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  The Court may award less than this amount. Trinity has agreed not to oppose Class Counsel's request for these fees and costs.

## FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing on _____, 2022, at ___:___ a.m., at the United States District Court for the Western District of New York, in Courtroom _____, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate, and to determine whether the proposed attorneys' fees and costs, service awards, and claims administration costs should be approved.

If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long this decision will take.

You are welcome to come at your own expense, but are not required to do so.  If you send an objection, you don't have to come to Court to talk about it.  As long as you returned your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

If you file a timely objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Paragraph 14, above.  Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection.  You cannot speak at the hearing if you opt out of the settlement.

## GETTING MORE INFORMATION

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you are referred to the detailed Settlement Agreement, which will be on file with the Clerk of the Court.  The pleadings and other records in this litigation, including the Settlement Agreement, may be examined at the Office of the Clerk, United States District Court for the Western District of New York, 2 Niagara Square, Buffalo, New York 14202-3498, during the Clerk's normal business hours or through the Public Access to Court Electronic Records ("PACER") system, https://www.nywd.uscourts.gov/cmecf-information-0.  Alternatively, you may contact Class Counsel at (877) 561-0000, or the Settlement Administrator at (XXX) XXX-XXXX

**PLEASE DO NOT TELEPHONE THE COURT OR TRINITY'S COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.  YOU MAY, HOWEVER, CALL ANY OF THE CLASS COUNSEL LISTED ABOVE OR THE SETTLEMENT ADMINISTRATOR AT (XXX) XXX-XXXX.**

Dated: _____, 2022

By Order of the Court

Exhibit B

| |
|---|
| **NOTICE OF PROPOSED COLLECTIVE AND CLASS ACTION SETTLEMENT AND FINAL APPROVAL HEARING** |
| To:      All current and former non-exempt, hourly production employee with Trinity Packaging Corporation in its manufacturing facility located in Buffalo, New York from May 22, 2013 to March 26, 2019. |

## ***PLEASE READ THIS NOTICE CAREFULLY***

IT MAY AFFECT YOUR LEGAL RIGHTS IN CONNECTION WITH YOUR EMPLOYMENT WITH TRINITY PACKAGING CORPORATION ("TRINITY").

THIS SETTLEMENT PROVIDES FOR TWO FUNDS:

(I)      THE OPT-IN FUND, WHICH WILL PAID TO ELIGIBLE EMPLOYEES WHO PREVIOUSLY OPTED IN TO THE LAWSUIT BY SUBMITTING TIMELY CONSENT-TO-JOIN FORMS, IN EXCHANGE FOR THEIR RELEASE OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT ("FLSA"); AND

(II)      THE RULE 23 SETTLEMENT FUND, SHARES OF WHICH WILL BE PAID TO ELIGIBLE EMPLOYEES WHO SUBMIT TIMELY, VALID CLAIM FORMS AND DO NOT OPT OUT OF THE SETTLEMENT, IN EXCHANGE FOR THEIR RELEASE OF CLAIMS UNDER THE FLSA AND NEW YORK LAW.

IF YOU PREVIOUSLY OPTED IN TO THE LAWSUIT BY SUBMITTING A TIMELY CONSENT-TO-JOIN FORM, YOU DO NOT NEED TO DO ANYTHING, AND YOU WILL RECEIVE YOUR SHARE OF THE SETTLEMENT IF THE COURT GRANTS FINAL APPROVAL OF THE SETTLEMENT.

IF YOU DID NOT PREVIOUSLY OPT IN TO THE LAWSUIT, YOU ARE NOT ELIGIBLE TO RECOVER A SHARE OF THE OPT-IN FUND, BUT YOU **ARE ELIGIBLE** TO RECOVER A SHARE OF THE RULE 23 SETTLEMENT FUND, BY COMPLETING AND SUBMITTING THE ENCLOSED "CLAIM FORM" BY [45 DAYS FROM MAILING].

IF YOU WISH TO OPT OUT OF THE NEW YORK CLASS SETTLEMENT, YOU MUST MAIL, E-MAIL, OR FAX A SIGNED "OPT-OUT STATEMENT" TO THE SETTLEMENT ADMINISTRATOR, POSTMARKED OR TRANSMITTED NOT LATER THAN [45 DAYS FROM MAILING], OR ELSE YOU WILL BE BOUND BY THE NEW YORK CLASS SETTLEMENT.

IF YOU WISH TO OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.

PURSUANT TO THE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK (THE "COURT") ENTERED ON [DATE OF PRELIMINARY APPROVAL], YOU ARE HEREBY NOTIFIED AS FOLLOWS:

## WHAT IS THIS NOTICE ABOUT?

A proposed settlement (the "Settlement") has been reached between Claude Robertson and John Szalasny ("Plaintiffs") and defendant Trinity Packaging Corporation ("Trinity"), in the collective and class action pending in the Court (the "Action") brought on behalf of the Opt-in Plaintiffs and the New York Class. This notice is designed to inform you of your options regarding receiving money from the Settlement, opting out of the Settlement, or objecting to the Settlement.

The "Opt-in Plaintiffs" are the Named Plaintiffs and sixty-three (63) other individuals who previously filed a consent to participate in the Litigation, on or before the January 22, 2021 deadline.

The New York Class is defined as:

> All current and former non-exempt, hourly production employee with Trinity Packaging Corporation in its manufacturing facility located in Buffalo, New York from May 22, 2013 to March 26, 2019.

The Court has preliminarily approved the Settlement and certified the New York Class for purposes of the Settlement only.  You have received this notice because Trinity's records indicate you are a member of the New York Class defined above.

The Settlement Agreement establishes two settlement funds: the Opt-in Fund and the Rule 23 Settlement Fund.

If you previously opted in to the lawsuit by submitting a timely consent-to-join form, you do not need to do anything, and you will receive your share of the Opt-in Fund and the Rule 23 Settlement Fund if the Court grants final approval.

If you did not previously opt in to the lawsuit, you are not eligible to recover a share of the Opt-in Fund, but you *are eligible* to recover a share of the Rule 23 Settlement Fund, by completing the enclosed "Claim Form" and submitting it to the Settlement Administrator by [45 days from mailing].

If you submit a timely Claim Form and the Settlement is finally approved, you will release your FLSA and New York law wage-and-hour claims against Trinity. If you did not previously opt in to the lawsuit by submitting a consent form and do not submit a Claim Form, you will not receive a share of settlement and you will release your New York wage-and-hour law claims but not your claims under the FLSA.

2

If you wish to opt out of the New York Class Settlement you must mail, e-mail, or fax a signed "OPT-OUT STATEMENT" to the Settlement Administrator, postmarked or transmitted not later than [45 days from mailing], or else you will be bound by the New York Class Settlement.

If you believe the Court should not approve the Settlement you may state your objection by mailing a letter to the Settlement Administrator, by [45 days from mailing], explaining your objection.

To be considered timely, all Claim Forms, Opt-out Statements, and objections must be submitted by [45 days from mailing] via mail, e-mail, or fax to:

*Robertson v. Trinity* Settlement Administrator
c/o [settlement administrator]
[settlement administrator address]

Claim Forms, Opt-out Statements, and objections submitted via mail will be considered timely if they are postmarked by [45 days from mailing]. Claim Forms, Opt-out Statements, and objections submitted via e-mail or fax will be considered timely if they are transmitted by [45 days from mailing].

## WHAT IS THIS LAWSUIT ABOUT?

The Action, which is currently pending in the United States District Court for the Western District of New York, is titled "*Robertson, et al. v. Trinity Packaging Corporation*, Civil Action No. 1:19-cv-00659-JLS-JJM," No. 1:19-cv-00659-JLS-JJM (the "Action").

In this Action, Plaintiffs allege that Trinity violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"), §§ 650 *et seq.* and 190 *et seq.* by failing to pay them and other Opt-in Plaintiffs and New York Class Members for work performed before and after their scheduled shifts.

Trinity denies that it has failed to comply with the law in any respect, has engaged in any unlawful activity, or has any liability to anyone under the claims.

After good-faith negotiations, in which both sides recognized the risk of an uncertain outcome, Plaintiffs and Trinity agreed to settle the Action pursuant to the terms and conditions of the Settlement.

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended or will be construed as an admission by Trinity that Plaintiffs' claims in the Action have merit or that it has any liability to Plaintiffs or the proposed class on those claims. Trinity denied and continues to deny any such liability and maintains that it complied with all applicable laws.

The parties and their counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation. The parties and their counsel have

determined that the Settlement is fair, reasonable, and adequate and Class Counsel has determined that it is in the best interests of the members of the Class.

## SUMMARY OF THE SETTLEMENT

### WHO IS INCLUDED IN THE SETTLEMENT?

The Settlement includes the Opt-in Plaintiffs and the members of the New York Class.

The "Opt-in Plaintiffs" are the Named Plaintiffs and sixty-three (63) other individuals who previously filed a consent to participate in the Litigation, on or before the January 22, 2021 deadline.

The New York Class is defined as:

> All current and former non-exempt, hourly production employee with Trinity Packaging Corporation in its manufacturing facility located in Buffalo, New York from May 22, 2013 to March 26, 2019
> .

You have received this notice because Trinity's records indicate you are a member of the New York Class defined above.

### WHAT ARE THE TERMS OF THE SETTLEMENT?

1.  Trinity has agreed to pay up to a maximum of $840,000 (referred to as the "Gross Settlement Amount"). The Gross Settlement Amount will fund all payments to be made under the Settlement.

2.  The "Net Settlement Amount" is the amount from the Gross Settlement Amount that is available for distribution as settlement payments to Opt-in Plaintiffs and participating New York Class Members after deductions for attorneys' fees and costs, service awards, and claims administration costs, as approved by the Court.

3.  The Net Settlement Amount shall be apportioned into two funds:

    a.  Approximately 17% of the Net Settlement Amount shall be paid to settle the claims of the Named Plaintiffs and Opt-in Plaintiffs (the "Opt-in Fund"); and

    b.  The remainder of the Net Settlement Amount shall be paid to settle the claims of the New York Class (the "Rule 23 Settlement Fund").

4.  The Settlement Administrator will allocate shares from the Opt-in Fund to the Named Plaintiffs and each of the sixty-three (63) other Opt-in Plaintiffs who previously filed a consent to participate in the Litigation, on or before the January 22, 2021 deadline.

5. The settlement share for an Opt-in Plaintiff will depend on the number of workweeks the individual worked in his or her FLSA Relevant Period, and the amounts awarded by the Court for attorneys' fees and costs, service awards, and claims administration costs.

6. The Settlement Administrator will allocate settlement shares from the Rule 23 Settlement Fund to each New York Class Member who has previously submitted a timely, valid Consent-to-Join form, and to each Class Member who submits a timely, valid Claim Form, unless he or she submits a timely, valid Opt-out Statement.

7. The Settlement Share for a Class Member will depend on the number of workweeks the Class Member worked during the period of May 22, 2013 through March 26, 2019, and the amounts awarded by the Court for attorneys' fees and costs, service awards, and claims administration costs.

8. The settlement payments will be mailed within thirty (30) business days after the Effective Date, which means the latest date after which all of the following have occurred:  (1) the Court grants final approval of the settlement; and (2) the later of the following events: the period for filing any appeal or other appellate proceeding opposing the Settlement has elapsed without any appeal or other appellate proceeding having been filed; any appeal or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal or other appellate proceeding has upheld in all respects the Court's Final Approval with no right to pursue further remedies or relief.

9. Shares of the Opt-In Fund and Rule 23 Settlement Fund shall be reported to taxing authorities as follows:

   a. One-half (1/2) of each payment will be treated as a payment for unpaid wages, subject to applicable payroll tax withholding and deductions, and the Settlement Administrator will issue a Form W-2 with respect to this portion; and

   b. The remaining one-half (1/2) of each Settlement Share will be treated as payment for liquidated damages, without payroll tax withholding or deductions; and, instead, the Settlement Administrator will issue a Form 1099 with respect to this portion.

10. Named Plaintiffs Claude Robertson and John Szalasny will seek approval from the Court for payments of $10,000.00 each ("Service Awards") in consideration of initiating and pursuing the Action, undertaking the risk of liability for attorneys' fees and expenses in the event they were unsuccessful in the prosecution of the Action, and granting the general release as part of the Settlement.  This payment, which will be paid in addition to Named Plaintiffs' settlement share, will be made out of the Gross Settlement Amount.

11. As part of the final approval hearing, Class Counsel will request up to $280,000.00 for attorneys' fees plus an additional amount for litigation and administration costs. This amount constitutes full and complete compensation for all legal fees, costs, and expenses

of all Collective and Class Counsel.  Collective Members and Class Members will not be required to pay Collective and Class Counsel for any other attorneys' fees, costs or expenses out of their own pockets if the Settlement Agreement and the attorneys' fees and expenses payment is finally approved by the Court.  Collective and Class Counsel's attorneys' fees and expenses as approved by the Court will be paid out of the Gross Settlement Amount.

12.  The reasonable costs of administering the Settlement, including the Settlement Administrator's fees and expenses will be paid out of the Gross Settlement Amount.

13.  Named Plaintiffs Claude Robertson and John Szalasny support the Settlement.  Their reasons include, but are not limited to, the risk of a trial on the merits, the risk of Trinity prevailing on any or all its defenses, the risk that the Court would not allow the case to proceed as a collective or class action, and the inherent delays and uncertainties associated with litigation. Based on their experience litigating similar wage-and-hour class actions, Class Counsel believe that further proceedings in this case, including depositions, motion practice, a trial and probable appeals, would be very expensive and protracted.  No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved.  Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believe that the Settlement is fair, reasonable, and adequate and in the best interests of the Class.

## HOW DO PARTICIPATE IN THE SETTLEMENT?

1.  If you previously opted in to the lawsuit by submitting a timely consent-to-join form, you do not need to do anything, and you will receive your share of the Opt-in Fund and the Rule 23 Settlement Fund if the Court grants final approval.

2.  If you did not previously opt in to the lawsuit, to recover your share of the Rule 23 Settlement Fund you must complete the enclosed "Claim Form" and submit it to the Settlement Administrator by [45 days from mailing].

3.  If you have elected or do elect to participate in the Settlement and the Settlement is finally approved, you will release your FLSA and New York law wage-and-hour claims against Trinity.

## HOW DO I OPT OUT OF THE SETTLEMENT?

1.  In order to opt out of the New York Class, you must refrain from submitting a Claim Form, and instead submit a written, signed statement to the Settlement Claims Administrator that includes your name, address, and telephone number and a statement to this effect: "I opt out of the Trinity New York Class Settlement" ("Opt-out Statement") to the Settlement Administrator by [45 days from mailing].

6

2. If you opt out of the New York Class, you will not receive a share of the Rule 23 Settlement Fund will not release any claims under New York Law.

3. If you do not opt of the New York Class, you will release your wage-and-hour claims under New York Law, and further, if you previously opted in to the lawsuit by submitting a consent-to-join form, or if you submit a timely, valid Claim Form, you will receive a share from the Rule 23 Settlement Fund and will release your claims under the FLSA.

4. Submitting or not submitting an Claim Form will not affect whether you are eligible for a share of the Opt-in Fund, or whether your FLSA claims are released by the Settlement.

## HOW DO I OBJECT TO THE SETTLEMENT?

If you do not opt out of the settlement, you can object to the settlement if you disapprove of any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To submit a valid objection, you must mail a written objection to the Settlement Administrator via first-class mail, postage prepaid, e-mail or facsimile. The written objection must include the words "I object to the Trinity Settlement," as well as all reasons for the objection. Any reasons not included in the written objection will not be considered. Be sure to include your name, address, telephone number, and your signature. Send the objection to the Settlement Administrator, whose contact information is on page 3.

Your objection must be postmarked or received no later than [45 days after mailing].

You can object only if you stay in the Class. If you opt out of the settlement, you may not object. Opting yourself out is telling the Court that you don't want to be part of the Class. If you opt out, you have no basis to object because the case no longer affects you.

## WHAT CLAIMS ARE BEING RELEASED AS PART OF THE SETTLEMENT?

1. **FLSA Claims**. Upon the Court's final approval of the Settlement, the Named Plaintiffs, Opt-in Plaintiffs, and Participating Class Members will be deemed to have released Trinity (and any affiliated person or entity) from any and all federal law wage and hour claims that accrued during their employment with Trinity, relating back to the full extent of the applicable statutes of limitations and continuing through the effective date of the Settlement. The Released FLSA Claims include all FLSA claims for unpaid overtime wages, any related wage and hour claims, liquidated damages, interest, penalties, and attorneys' fees and costs related to such claims relating to Participating Class Members' employment with Defendant through the Effective Date.

2. **NYLL Claims.** All New York Class Members who are provided a Notice of this Settlement and do not submit a timely, valid Opt-out Statement will be deemed to have released Trinity (and any affiliated person or entity) from any and all state law wage and hour claims that accrued during their employment with Trinity, relating back to the full extent of the applicable statutes of limitations and continuing through the effective date of

the settlement, including, without limitation, all local and state claims for wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses of any kind (the "Released Rule 23 Claims"). The Released Rule 23 Claims include all claims under the local and state laws of New York for unpaid wages, and any related wage and hour claims, penalties, liquidated damages and interest on such claims, and attorneys' fees and costs related to such claims relating to Putative Class Members' employment with Defendant from May 22, 2013 through the Effective Date.

3. **Effective Date.** The "Effective Date" means the latest date after which all of the following have occurred: (1) the Court grants final approval of the settlement; and (2) the later of the following events: the period for filing any appeal or other appellate proceeding opposing the Settlement has elapsed without any appeal or other appellate proceeding having been filed; any appeal or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal or other appellate proceeding has upheld in all respects the Court's Final Approval with no right to pursue further remedies or relief.

## THE LAWYERS REPRESENTING YOU

The Court has decided that the lawyers at the law firm of Brown, LLC are qualified to represent you and all Class Members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. You do not need to retain your own attorney in order to participate as a Class Member. If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

You may contact Class Counsel with any questions at:

Jason T. Brown
Nicholas Conlon
Brown, LLC
Telephone: (877) 561-0000
flsagroup@jtblawgroup.com

Class Counsel will ask the Court to approve payment of up to $280,000 as attorneys' fees and up to $35,000 as costs. These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than this amount. Trinity has agreed not to oppose Class Counsel's request for these fees and costs.

## FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing on _____, 2022, at __:__ a.m., at the United States District Court for the Western District of New York, in Courtroom _____, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate, and to determine whether the proposed attorneys' fees and costs, service awards, and claims administration costs should be approved.

If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. We do not know how long this decision will take.

You are welcome to come at your own expense, but are not required to do so. If you send an objection, you don't have to come to Court to talk about it. As long as you returned your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

If you file a timely objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Paragraph 14, above. Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection. You cannot speak at the hearing if you opt out of the settlement.

## GETTING MORE INFORMATION

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the detailed Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and other records in this litigation, including the Settlement Agreement, may be examined at the Office of the Clerk, United States District Court for the Western District of New York, 2 Niagara Square, Buffalo, New York 14202-3498, during the Clerk's normal business hours or through the Public Access to Court Electronic Records ("PACER") system, https://www.nywd.uscourts.gov/cmecf-information-0. Alternatively, you may contact Class Counsel at (877) 561-0000, or the Settlement Administrator at (XXX) XXX-XXXX.

If you need to obtain a replacement copy of the Claim Form included with this notice, please call (XXX) XXX-XXXX .

**PLEASE DO NOT TELEPHONE THE COURT OR TRINITY 'S COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS. YOU MAY, HOWEVER, CALL ANY OF THE CLASS COUNSEL LISTED ABOVE OR THE SETTLEMENT ADMINISTRATOR AT (XXX) XXX-XXXX.**

Dated: _____, 2022
By Order of the Court

4854-1137-2297, v. 4

**EXHIBIT C**

## United States District Court for the Western District of New York

*Robertson et al. v. Trinity Packaging Corporation, Civil Action No. 1:19-cv-00659-LJS-JJM*

### CLAIM FORM

**DEADLINE:** To receive your settlement payment, you must complete, sign, and return this Claim Form in the enclosed pre-paid envelope or by facsimile or e-mail. Your Claim Form must be postmarked or received on or before **[INSERT DATE 45 days from date of mailing].** If you lose the envelope (or if you wish to fax or e-mail your Claim Form), you should send the Claim Form to:

**[INSERT NAME AND CONTACT INFORMATION OF SETTLEMENT ADMINISTRATOR]**

**CHANGE OF ADDRESS:** If you change your address, please inform the Settlement Administrator of your new address to ensure proper processing of your claim. It is your responsibility to keep a current address on file with the Settlement Administrator.

**RELEASE:** By signing, dating, and returning this Claim Form, you agree to be bound by the Settlement Agreement negotiated by Class Counsel and agree to the following release: I fully, finally and forever release Defendant Trinity Packaging Corporation (and all affiliated entities and individuals) from any and all wage and hour claims for unpaid wages (including overtime wages) under the FLSA and/or any state or local laws, including the laws of the State of New York, and any related wage and hour claims, any liquidated damages, penalties, or interest on such claims, and any attorneys' fees and costs related to any such claims that relate to or arise from my employment with Trinity Packaging Corporation from the beginning of time through the present.

I declare under penalty of perjury that the above information is true and correct.

_____          _____
Date                                                                Signature


_____          _____
Last Four Digits of Social Security Number          Name (Printed)

**YOU MUST SUBMIT THIS CLAIM FORM BY NO LATER THAN [INSERT DATE 45 days from the date of mailing] TO BE ELIGIBLE FOR PAYMENT.**
**BE SURE YOU HAVE SIGNED AND DATED THIS FORM**

4895-4705-4619, v. 1