UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CLAUDE ROBERTSON and JOHN SZALASNY,
individually and on behalf of all others            REPORT AND
similarly situated,                                 RECOMMENDATION

                                                Plaintiffs,     1:19-CV-659-JLS-JJM

v.

TRINITY PACKAGING CORPORATION,

                                                Defendant.
_____

        This is a hybrid collective/class action in which plaintiffs Claude Robertson and John Szalasny "assert that Defendant Trinity Packaging Corporation violated the Fair Labor Standards Act ('FLSA'), 29 U.S.C. § 201 *et seq.* and New York Labor Law, §§650 *et seq.* and 190 *et seq.* and 12 NYCRR §142-1.1 *et seq.* ('NYLL') by having a rounding policy that impermissibly always rounded down time spent performing pre- and post-shift work and, as a result, failed to pay the workers for all hours worked in excess of forty (40) in a workweek. Plaintiffs assert their FLSA claims on a collective basis pursuant to 29 U.S.C. §216(b) on behalf of similarly situated workers who worked for Defendant in New York or Virginia, and the NYLL claims are asserted by Named Plaintiff John Szalasny on behalf of similarly situated workers who worked in New York, on a class basis pursuant to Fed. R. Civ. P. 23". Plaintiffs' Memorandum of Law [86] at 6.[1]

        Before the court is plaintiffs' "Unopposed Motion for Preliminary Approval of Class Action Settlement and for Certification of Class for Settlement Purposes" [86], which has

___

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

been referred to me for initial consideration [12].[2] Having reviewed the submissions in support of the Motion [86, 87], for the following reasons I recommend that it be denied.

## DISCUSSION

The parties' "Joint Stipulation of Settlement and Release" [86-1] proposes to settle all NYLL class claims as well as all FLSA collective claims. That proposal "must stand or fall in its entirety, and I may not delete, modify or substitute its terms". Lackawanna Chiropractic P.C. v. Tivity Health Support, LLC, 2019 WL 7195309, *3 (W.D.N.Y.), adopted, 2019 WL 7194525 (W.D.N.Y. 2019). Therefore, both aspects of the proposal must be approvable in order for this motion to be granted.

### A.    NYLL CLASS CLAIMS

"[P]reliminary approval of a proposed class action settlement is not simply a judicial 'rubber stamp' of the parties' agreement." Oladapo v. Smart One Energy, LLC, 2017 WL 5956907, *16 (S.D.N.Y.), adopted, 2017 WL 5956770 (S.D.N.Y. 2017). Acting as "a guardian of the rights of absent class members", Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 52 (2d Cir. 2000), the court must "carefully scrutinize the settlement to ensure its fairness, adequacy and reasonableness . . . and that it was not a product of collusion". D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001). "Even at the preliminary approval stage, the Court's role in reviewing the proposed settlement is demanding because the adversariness of litigation is often lost after the agreement to settle." In re GSE Bonds Antitrust Litigation, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019).

---

[2]    While that referral was initially made by District Judge Lawrence J. Vilardo, the case was later reassigned to District Judge John L. Sinatra, Jr. [34].

Therefore, preliminary approval must "be based on a solid record supporting the conclusion that the proposed settlement will likely earn final approval". 2018 Advisory Committee Notes, Rule 23(e)(1). In order to prevail on this Motion, plaintiffs must "show[ ] that the court will likely be able to (i) approve the proposal under Rule 23(e)(2); *and* (ii) certify the class for purposes of judgment on the proposal". Rule 23(e)(1)(B) (emphasis added). I will address these two requirements in reverse order, since "regardless of whether a district court certifies a class for trial or for settlement, it must first find that the class satisfies all the requirements of Rule 23". In re Community Bank of Northern Virginia, 418 F.3d 277, 300 (3d Cir. 2005).

1.  **Would the Court Likely be Able to Certify the NYLL Settlement Class?**

By Order dated October 22, 2020 [62], I granted plaintiffs' "Pre-Discovery Motion for Conditional Collective Certification" of this action as an FLSA collective action under 29 U.S.C. §216(b). [43]. That relief required only a "modest factual showing that [plaintiffs] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law". Plaintiffs' Memorandum of Law [43-1] at 14, *quoting* Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010). Plaintiffs admit that "the showing required . . . [was] minimal". Id.

However, "there are significant differences between certification under [Rule] 23 and the joinder process under §216(b)". Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71 (2013). "[A] motion for conditional certification involves a far more lenient standard than a motion for class certification under Rule 23". Diaz v. Weinstein Landscaping, 2022 WL 801493, *3 (E.D.N.Y.), adopted, 2022 WL 801322 (E.D.N.Y. 2022). Therefore, the fact that I granted

conditional certification for an FLSA collective action has little bearing on whether this court would likely be able to certify an NYLL settlement class.

Class certification "is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied . . . . The same analytical principles govern Rule 23(b)." Comcast Corp. v. Behrend, 569 U.S. 27, 33-34 (2013). Rule 23's requirements "demand undiluted, even heightened, attention in the settlement context", Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997), and may "not be watered down by virtue of the fact that the settlement is fair or equitable". Denney v. Deutsche Bank AG, 443 F.3d 253, 270 (2d Cir. 2006).

"Rule 23 does not set forth a mere pleading standard". Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). "Rather, a party must not only be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a)", but "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)". Comcast, 569 U.S. at 33 (emphasis in original). The court "may certify a class only after . . . find[ing] that whatever underlying facts are relevant to a particular Rule 23 requirement have been established". In re Initial Public Offerings Securities Litigation, 471 F.3d 24, 41 (2d Cir. 2006).

Here, plaintiffs point to no *evidence* (as opposed to argument) supporting class certification. For one example, while they argue that "each of the proposed class/collective members worked in similar positions for Defendant and was subject to the same compensation and attendance policies, and allege performing the same type of pre-shift and post-shift work" (plaintiffs' Memorandum of Law [86] at 20), "[s]uch assertions in a brief are not evidence of anything". Ortiz v. Regan, 749 F. Supp. 1254, 1263 (S.D.N.Y. 1990); Kulhawik v. Holder, 571

F.3d 296, 298 (2d Cir. 2009) ("statements in a brief are not evidence"). Absent evidence justifying certification, the motion cannot be granted. See Wagner v. Central Louisiana Electric Co., 99 F.R.D. 279, 290 (E.D. La. 1983) (plaintiffs' "two supplemental memoranda in support of class certification have failed to provide the evidence required by Rule 23. Accordingly, the Court denies plaintiffs' motion for certification").

In addition to the lack of evidence, plaintiffs fail to adequately develop their legal argument in support of certification. For example, although they suggest that Rule 23(a)(2)'s "test for commonality is not demanding" (plaintiffs' Memorandum of Law [86] at 20), Rule 23(b)(3)'s "predominance criterion is far more demanding". Johnson v. Nextel Communications Inc., 780 F.3d 128, 138 (2d Cir. 2015). The court must "take a close look at whether common questions predominate over individual ones", Comcast, 569 U.S. at 34, by "assess[ing] (1) the elements of the claims and defenses to be litigated; and (2) whether generalized evidence could be offered to prove those elements on a class-wide basis or whether individualized proof will be needed to establish each class member's entitlement to relief". Johnson, 780 F.3d at 138. The predominance analysis "must account for the nature and significance of the material common and individual issues in the case". In re Petrobras Securities, 862 F.3d 250, 271 (2d Cir. 2017).

Moreover, the analysis focuses "on the legal or factual questions that . . . *preexist* any settlement, and tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation". Amchem Products, 521 U.S. at 594 (emphasis added). Prior to the settlement, Trinity opposed plaintiffs' motion for conditional certification of an FLSA collective action, arguing, *inter alia*, that "plaintiffs' claims are individualized in nature" (Trinity's Memorandum of Law [52], Point I), that "there is insufficient evidence of a common

unlawful policy" (id., Point II), and that "each individual's claim is subject to individualized defenses" (id., Point III).

Plaintiffs admit that although "some of those arguments were not appropriate for conditional certification, [they] may be more relevant at the decertification/final certification stage". Plaintiffs' Memorandum of Law [86] at 17. Yet, rather than addressing Trinity's arguments, plaintiffs merely suggest that "predominance is satisfied because the success or failure of Plaintiffs' challenge to Defendant's compensation policies will turn on this Court's application of common legal principles to a common set of facts". Plaintiffs' Memorandum of Law [86] at 22.

Absent specification of the "common legal principles" or "common set of facts" to which they are referring, plaintiffs' argument is meaningless. "Without more evidence in the record about the conditions of employment . . . the Court cannot find at this juncture that Plaintiff has shown by a preponderance of the evidence that liability under the NYLL can be established through generalized proof or that the issues subject to individualized proof are not more substantial than those susceptible to class-wide proof." Shillingford v. Astra Home Care, Inc., 293 F. Supp. 3d 401, 419 (S.D.N.Y. 2018).

Therefore, plaintiffs have failed to demonstrate a reasonable likelihood that the NYLL class could be certified for settlement.

### 2. Would the Court Likely be Able to Approve the Class Settlement?

Even if the settlement class could be certified, plaintiffs have failed to demonstrate that the proposed settlement "is fair, reasonable, and adequate", as required by Rule 23(e)(2). Although plaintiffs' attorney maintains that "[t]he relief provided by the proposed

settlement is reasonable, and in fact substantial" (Brown Declaration [87], ¶12), the court may not simply take his word for it. See Martin v. Cargill, Inc., 295 F.R.D. 380, 386 (D. Minn. 2013) ("the parties seek the Court's blessing over their settlement, based primarily upon their *ipse dixit* - the proposed settlement is fair, adequate, and reasonable because they say so. The Court cannot approve a settlement on such a rocky foundation").

"When a settlement is negotiated prior to class certification, as is the case here, it is subject to a higher degree of scrutiny in assessing its fairness." D'Amato, 236 F.3d at 85. "The most significant factor for the district judge is the strength of plaintiffs' case balanced against the settlement offer. He is required to explore the facts sufficiently to make an intelligent comparison between the amount of the compromise and the probable recovery . . . . Therefore, the Court must insist that the parties present *evidence* that would enable possible outcomes to be estimated, so that it can at least come up with a ballpark valuation." Zink v. First Niagara Bank, N.A., 155 F. Supp. 3d 297, 312 (W.D.N.Y. 2016); Lackawanna Chiropractic,*4 (emphasis added).

Plaintiffs argue that Tivity's defenses create "the potential that [it] could win and leave Plaintiffs and the Class Members with no recovery". Plaintiffs' Memorandum of Law [86] at 15. However, the Motion does not analyze any of these defenses, or explain why they make the proposed settlement reasonable. For example, although plaintiffs initially alleged that "[t]he uncompensated time [that they] and other hourly-paid production workers spent working before and after their shifts amounted to up to approximately thirty (30) minutes per day" (First Amended Complaint [24], ¶35), they now contend that "the evidence adduced since the filing of the [First Amended Complaint] raises serious doubts about whether Class Members could ever establish anything close to thirty (30) minutes per day of damages". Plaintiffs' Memorandum of

Law [86] at 18. However, they do not discuss that evidence, or explain why it undercuts their initial projection.

Moreover, although "Plaintiffs' Counsel's damage model was based on data Defendant produced reflecting the data of employment of each Class Member going back to October 1, 2015" (Brown Declaration [87], ¶6), the time frame for the proposed class begins over two years *prior* to that date, on March 22, 2013 (Joint Stipulation of Settlement and Release [86-1] at 5, §1.26) - which causes me to question the thoroughness of counsel's investigation.

Since plaintiffs "have provided nothing but generalities about the relative strengths and weaknesses of the class's claims and . . . potential defenses", they "offer no viable way to gauge the reasonableness of the Settlement Agreement". Zink, 155 F. Supp. 3d at 312. Therefore, plaintiffs have failed to demonstrate that this court would be likely to approve the class settlement proposal under Rule 23(e)(2).

**B.      FLSA Collective Claims**

As previously discussed, plaintiffs' Pre-Discovery Motion for Conditional Collective Certification of an FLSA collective action required only a "modest" or "minimal" factual showing that they and the potential opt-in plaintiffs were "similarly situated". Plaintiffs' Memorandum of Law [43-1] at 14. A "low standard of proof" applied at that point "because the purpose of [the] first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist". Id., *quoting* Myers, 624 F.3d at 555.

However, before approving the proposed settlement now that discovery has occurred, "the Court must satisfy itself that Opt-In Plaintiffs are 'similarly situated' to Named Plaintiffs". Stock v. Xerox Corp., 516 F. Supp. 3d 308, 312 (W.D.N.Y. 2021). In other words,

the court must "on a fuller record, determine whether . . . the plaintiffs who have opted in are *in fact* 'similarly situated' to the named plaintiffs". Myers, 624 F.3d at 555 (emphasis added).

The Unopposed Motion offers no evidence to support that determination - nor does it offer evidence or argument adequately supporting plaintiffs' contention that the proposed settlement "reflects a fair and reasonable resolution of a bona fide dispute of the claims raised" (plaintiffs' Memorandum of Law [86] at 24). Therefore, just as it fails to justify the proposed settlement of the NYLL class claims, the Unopposed Motion fails to justify settlement of the FLSA collective claims.

## CONCLUSION

For these reasons, I recommend that plaintiffs' Unopposed Motion [86] be denied. Unless otherwise ordered by District Judge John L. Sinatra, Jr., any objections to this Report and Recommendation must be filed with the clerk of this court by July 5, 2022. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  June 21, 2022

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge