UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CLAUDE ROBERTSON and JOHN SZALASNY,
individually, and on behalf of others similarly situated,

                Plaintiffs,             **DECISION AND ORDER**

v.                                           Case No. 1:19-cv-659-JLS-JJM

TRINITY PACKAGING CORPORATION,

                Defendant.
_____

        Before the court is plaintiffs' unopposed motion for final certification of this case as a Fair Labor Standards Act ("FLSA", 29 U.S.C. §201 *et seq.*) collective action and Fed. R. Civ. P. ("Rule") 23 class action for settlement purposes, and final approval of the proposed settlement [102].[1] The parties have consented to my jurisdiction over this motion [99], and a fairness hearing was held on June 20, 2023 [105], at which no one other than counsel appeared.

### DISCUSSION

        The parties' familiarity with the relevant facts and procedural history is presumed. "Before [class] certification is proper for any purpose - settlement, litigation, or otherwise - a court must ensure that the requirements of Rule 23(a) and (b) have been met. These requirements should not be watered down by virtue of the fact that the settlement is fair or equitable", Denney v. Deutsche Bank AG, 443 F.3d 253, 270 (2d Cir. 2006), and "demand

---

[1]     Bracketed references are to CM/ECF docket entries and, unless otherwise indicated, page references are to CM/ECF pagination.

undiluted, even heightened, attention in the settlement context". Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997).

"One of the most important of these requirements is that the representative party fairly and adequately represent the interests of the class. Rule 23(a)(4) . . . . An essential ingredient of this requirement is that the class representative's attorneys be qualified to vigorously and adequately prosecute the interests of the class." Key v. Gillette Co., 782 F.2d 5, 7 (1st Cir. 1986). "[C]lass counsel's integrity, loyalty, and adequacy generally are perhaps even more important than the adequacy of class plaintiffs", In re American Express Anti-Steering Rules Antitrust Litigation, 2015 WL 4645240, *12 (E.D.N.Y. 2015), since "it is class counsel, not the class representatives, who are truly litigating the class's claims". Jin v. Shanghai Original, Inc., 990 F.3d 251, 262-63 (2d Cir. 2021).

"Therefore, a Court must scrutinize the character, competence and quality of counsel retained by the plaintiff . . . . In assessing the adequacy of counsel, a court may examine class counsel's conduct in both: (1) prior litigations, and (2) the putative class action before the court." Kingsepp v. Wesleyan University, 142 F.R.D. 597, 599 (S.D.N.Y. 1992). Although I preliminarily found attorneys Jason T. Brown and/or Nicholas R. Conlon of the firm of Brown, LLC to be adequate class counsel in this case (*see* Preliminary Approval Order 100]), "[a]n initial finding of adequacy is not necessarily conclusive. Courts maintain a continuing duty to monitor class counsel and are obligated to return to the issue of adequacy", 1 Newberg and Rubenstein on Class Actions, §3:72 (6th ed.), "to make sure that this requirement is complied with at all stages of the litigation." Key, 782 F.2d at 7.

Brown states that he "has been appointed Class Counsel in many cases over the years and has had an unblemished record to date - no Court has ever found his representation

inadequate". Plaintiffs' Memorandum of Law [103] at 30. However, "the extreme importance of the inquiry into the adequacy of class counsel means that the court should not be easily satisfied with a self-serving and one-sided statement that the class attorney meets the requirements of the rule." 7A Wright and Miller, Federal Practice and Procedure (Civil), §1769.1 (4th ed.). "[I]n determining the adequacy of counsel, the court looks beyond reputation", In re Frontier Insurance Group, Inc. Securities Litigation, 172 F.R.D. 31, 44 (E.D.N.Y. 1997), and "take[s] into account its own observations of the conduct and apparent competency of counsel". Newberg, §13:59. Although I take no pleasure in saying this, counsel's conduct in Bonura v. Uhl Ventures LLC, 22-cv-395, and in their attempts to justify that conduct in this case, cause me to seriously question their adequacy to serve as class counsel.

Counsel insist that they have "not committed any ethical violations at all, either in Bonura or in the present action". Plaintiffs' Memorandum of Law [103] at 29. I could not disagree more. "Ethical" means "conforming to accepted standards of conduct" (Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/ethical), and my March 9, 2023 Report and Recommendation in Bonura [103-5] (___F. Supp.3d___, 2023 WL 2868662, incorporated by reference herein) discusses several reasons for my conclusion that their motion to approve the settlement in Bonura was "a perfect example of . . . abuse". 2023 WL 2868662, *5. These include the fact that counsel made no effort to preliminarily certify an FLSA collective, initially attempted to settle Bonura's FLSA claim without seeking court approval, sought excessive fees, and sought nothing for the class of similarly situated employees.

Although counsel insist that they are "not trying to relitigate the Bonura denial" (plaintiffs' Memorandum of Law [103] at 20), that is exactly what they are trying to do, by "provid[ing] additional context and information and illustrate that [their] conduct is well within

the acceptable range". Id. However, notwithstanding my warning that "[a] party who fails to object timely . . . waives any right to further judicial review of this decision" (Bonura, 2023 WL 2868662, *5), counsel did not object to my Report and Recommendation, and it was therefore adopted by District Judge John L. Sinatra, Jr. Id., *1. Accordingly, I stand by all of its reasoning and conclusions.

        Even if I were to consider counsel's justifications for their conduct, they are both legally and factually incorrect. For example, when I asked Brown at the fairness hearing why he initially attempted to settle Bonura's claims without seeking court approval, he replied that "the Cheeks opinion (Cheeks v. Freeport Pancake House, Inc., 795 F.3d 199 (2d Cir. 2015)) states that if the defendant . . . wants some sort of dismissal without prejudice no approval is required".[2] Not only is that response clearly wrong,[3] but it is irrelevant, because the settlement sought in Bonura required a dismissal *with* prejudice. *See* Bonura settlement motion [103-6] at 2 ("the Court should approve the parties' . . . stipulation to dismiss this action with prejudice").

        Counsel also argue that "[u]pon filing and continuing through the present, *all* factual contentions in the Bonura complaint have had evidentiary support, and *all* legal contentions have had sufficient merit. The complaint was thus compliant with [Rule] 11". Plaintiffs' Memorandum of Law [103] at 20 (emphasis added).[4] However, counsel well know that not "all" of the Bonura Complaint's allegations remain valid "continuing through the present". For example:

---

[2]     Chambers transcription from digital recording of the fairness hearing.

[3]     "The concern of Cheeks was with the settlement that included as one of its terms the dismissal of the action, and not specifically with whether the dismissal was with prejudice or without." Samake v. Thunder Lube, Inc., 24 F.4th 804, 810 (2d Cir. 2022).

[4]     Brown repeats that argument "under penalty of perjury". Declaration [104] at 12 and ¶30.

   - while it alleges that Bonura "reasonably estimates that there are more than forty (40) Rule 23 Class members" ([104-5], ¶45), two months ago counsel told me that "there are only twenty-nine (29) current or former employees who meet the definition of the proposed class". April 26, 2023 Letter Motion [37] in Bonura, 22-cv-395, at 2; and

   - while it alleges that Bonura "will fully and adequately protect the interests of the Rule 23 Class", and that "[n]either [he] nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class" ([104-5], ¶48), counsel admit that they were "*not* acting on behalf of the class when negotiating the individual settlements in Bonura" (plaintiffs' Memorandum of Law [103] at 26, emphasis in original).[5]

  "[A] litigant's obligations with respect to the contents of . . . papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings . . . after learning that they cease to have any merit." Mata v. Avianca, Inc., __F. Supp.3d__, 2023 WL 4114965, *13 (S.D.N.Y. 2023), *quoting* Rule 11, Advisory Committee's Note to 1993 amendment. Therefore, by insisting that "continuing through the present, all factual contentions in the Bonura Complaint have had evidentiary support", counsel have violated Rule 11(b)(3).

  "[W]hen a judge is being urged by both adversaries to approve the class-action settlement that they've negotiated, he's at a disadvantage in evaluating the fairness of the settlement to the class." Eubank v. Pella Corp., 753 F.3d 718, 720 (7th Cir. 2014); Newberg, §13:40, n. 9 ("[p]erhaps in no other context do we find courts entering binding decrees with such

---

5   *See* Brown Declaration [104], ¶36 ("[w]hen the possibility arose of settling on behalf of [Bonura] and opt-ins, we had a duty to discuss that possibility with our clients and to abide by the decision each of them made. Mr. Bonura and Ms. Knight decided to settle their claims individually").

a complete lack of access to quality information and so completely dependent on the parties who have the most to gain from favorable court action").

Therefore, "[i]n order for the Court to conduct proceedings properly, it must be able to rely upon representations made on the record by attorneys licensed to practice before it." Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Group, 328 F.R.D. 100, 118 (S.D.N.Y. 2018). For all of the reasons discussed, I reluctantly conclude that I cannot rely on class counsel's competence and integrity to approve this settlement.

## CONCLUSION

"The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010). Since plaintiffs have "failed to demonstrate that [they], represented by [their] current counsel, will adequately represent the class, further analysis under the remaining provisions of Rule 23(a) and (b) is unnecessary at this juncture". Kulig v. Midland Funding, LLC, 2014 WL 5017817, *2 (S.D.N.Y. 2014). Therefore, plaintiffs' motion [102] is denied.

SO ORDERED.

Dated:  July 5, 2023

                                          /s/Jeremiah J. McCarthy
                                          JEREMIAH J. MCCARTHY
                                          United States Magistrate Judge