**CASE NUMBER:**

---

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

---

**CLAUDE ROBERTSON AND JOHN SZALASNY,**
*Plaintiffs-Petitioners,*

v.

**TRINITY PACKING CORPORATION,**
*Defendant-Respondent.*

---

On appeal from the U.S. District Court for the Western District of New York
(Hon. Jeremiah J. McCarthy, U.S. Magistrate Judge)

---

**PETITION TO APPEAL CLASS CERTIFICATION DECISION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)**

Jason T. Brown
Nicholas Conlon
BROWN, LLC
111 Town Square Pl., Ste 400
Jersey City, NJ 07310
(877) 561-0000

*Attorneys for Plaintiffs-Petitioners*

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................1

STATEMENT OF JURISDICTION AND RELIEF SOUGHT ................................2

STATEMENT OF FACTS .....................................................................................2

ISSUES PRESENTED AND REASONS FOR GRANTING THE PETITION .......5

    Issue 1:   May a district court deny a motion for class certification under Fed. R. Civ. P. 23 based on the plaintiff's failure to prove adequacy of counsel, without considering the factors set forth in Fed. R. Civ. P. 23(g)(1)? ................................6

    Issue 2:   May a district court determine that counsel's conduct adversely impacts the plaintiff's ability to prove counsel's adequacy under Fed. R. Civ. P. 23, where that conduct is not a breach of any ethical or fiduciary duties and does not create a serious doubt that counsel will represent the class loyally? ..............8

    Issue 3:   Does counsel that represents a plaintiff in a case pled as a class action under Fed. R. Civ. P. 23 have an ethical or fiduciary duty before class certification to ensure that a settlement of the plaintiff's claims provides for relief to absent putative class members? ..............................................................10

    Issue 4:   Does counsel that represents a plaintiff in a case pled as a collective action under the FLSA have an ethical or fiduciary duty to absent collective members to move for preliminary certification of the collective? .......................12

    Issue 5:   For purposes of issue preclusion, do the determinations of whether an individual settlement of a plaintiff's FLSA claims should be approved and whether the plaintiff's counsel is adequate to represent a class under Fed. R. Civ. P. 23 involve identical issues? .............................................................................14

    Issue 6:   In deciding whether counsel is adequate under Fed. R. Civ. P. 23, does the general rule against binding nonparties to judgments prohibit giving issue preclusive effect to a decision rendered in another action in which the plaintiff was not a party or member of a certified class? ..................................................17

THESE ISSUES WILL ESCAPE EFFECTIVE REVIEW ABSENT IMMEDIATE APPEAL UNDER SUMITOMO PRONG 2 ..........................................................19

CONCLUSION .....................................................................................................20

# TABLE OF AUTHORITIES

## Cases

*Avila v. Ardian Corp.*, No. 18-CV-4795-FB-TAM, 2022 U.S. Dist. LEXIS 146596, at *10 (E.D.N.Y. Aug. 16, 2022)..........................................................................8

*Brooks v. Ga. State Bd. Of Elections*, 59 F.3d 1114, 1118-21 (11th Cir. 1995) ......20

*Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1324 (11th Cir. 2008) ......................9

*Cheeks v. Freeport Pancake House, Inc.*, 795 F.3d 199 (2d Cir. 2015)....... 5, 15, 17

*City of N.Y. v. Grp. Health Inc.*, 649 F.3d 151, 156 (2d Cir. 2011) .........................7

*Clark v. Zwanziger*, 741 F.3d 74, 78 (10th Cir. 2014) ............................................15

*Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913 (7th Cir. 2011)..........................................................................................................................9

*Formento v. Joyce*, 522 N.E.2d 312, 315 (Ill. 1988) ..............................................10

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 174 (1989) ...................13

*Huang v. Shanghai City Corp.*, 2022 U.S. Dist. LEXIS 84498, at *50-68 (S.D.N.Y. May 10, 2022).............................................................................................................18

*Hyland v. Navient Corp.*, 48 F.4th 110, 123 (2d Cir. 2022) .....................................8

*In re White*, 64 F.4th 302, 310-12 (D.C. Cir. 2023 ................................................20

*Jianmin Jin v. Shanghai Original, Inc.*, 990 F.3d 251 (2d Cir. 2021)..................6, 8

*Jim Beam Brands Co. v. Beamish & Crawford, Ltd.*, 937 F.2d 729, 734 (2d Cir. 1991)........................................................................................................................16

*Jones v. Casey's Gen. Stores*, 517 F. Supp. 2d 1080, 1083-85 (S.D. Iowa 2007) ..13

*Kalish v. Karp & Kalamotousakis, LLP*, 246 F.R.D. 461, 463 (S.D.N.Y. 2007) .7, 8

*Kulig v. Midland Funding, LLC*, 2014 U.S. Dist. LEXIS 137254, at *12 (S.D.N.Y. Sep. 26, 2014)..........................................................................................................12

*Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 164 n.16 (S.D.N.Y. 2017)..........................................................................................................................7

*Martin v. Wilks*, 490 U.S. 755, 761 (1989)............................................................18

*Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002) ...............15

*Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 413-14 (2d Cir. 2019)...............16

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) .................................................12

*Piambino v. Bailey*, 757 F.2d 1112, 1143-46 (11th Cir. 1985) ................................9

*Reliable Money Order, Inc. v. McKnight Sales Co.*, 704 F.3d 489, 499 (7th Cir. 2013) .............................................................................................................................9

*Richards v. Jefferson Cty.*, 517 U.S. 793, 798 (1996) ............................................19

*Roach v. T.L. Cannon Corp.*, 778 F.3d 401 (2d Cir. 2015) ......................................6

*Schick v. Berg*, 2004 U.S. Dist. LEXIS 6842, at *16 (S.D.N.Y. Apr. 20, 2004) ....11

*Schick v. Berg*, 430 F.3d 112, 116-17 (2d Cir. 2005) .............................................11

*Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502 (2d Cir. 2020) ................. 14, 17

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 243-44 (2d Cir. 2011) ...................................................................................................................... 12, 14

*Sheinberg v. Sorensen*, , 606 F.3d 130, 133 (3d Cir. 2010)......................................7

*Smith v. Bayer Corp.*, 564 U.S. 299 (2011) ...........................................................18

*Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134 (2d Cir. 2001) ....................................................................................................................1, 6

*Taylor v. Sturgell*, 553 U.S. 880 (2008).................................................... 15, 18, 19

*Thomas v. Arn*, 474 U.S. 140, 144-45 (1985).........................................................15

## Statutes

28 U.S.C. § 1292......................................................................................................2

28 U.S.C. § 1331......................................................................................................2

28 U.S.C. § 636........................................................................................................2

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.................. 2, 3, 12, 14

New York Labor Laws ("NYLL").............................................................................2

**Other Authorities**

ABA Model Rule 1.2 ................................................................................11

Bruce A. Green & Andrew Kent, *May Class Counsel Also Represent Lead
    Plaintiffs?*, 72 Fla. L. Rev. 1083, 1118 (2020) ....................................10

**Rules**

Fed. R. Civ. P. 23 ........................................................................... passim

Fed. R. Civ. P.  11 ................................................................................5

N.Y.R.P.C. 1.2 ...................................................................................11

**INTRODUCTION**

This appeal presents numerous issues regarding the adequacy of class counsel based on alleged conduct in an unrelated case, all of which have not previously been raised before this Court. These issues are unsettled and significant, including whether counsel who represents a plaintiff in a case pled as a class action under Fed. R. Civ. P. 23 have an ethical or fiduciary duty before class certification to ensure that an individual settlement also provides relief to absent putative class members.

In the district court's order denying Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, App. 1 ("Certification Order") the court abused its discretion by applying the wrong legal standards at each step of its analysis. For example, the court reasoned that class counsel's conduct in a different case adversely impacted Plaintiffs' ability to prove counsel's adequacy under Rule 23, because that conduct did not meet the definition of "ethical" in a dictionary, rather than a statute, state ethics rule, case law, or other legal authority.

The Certification Order implicates six distinct pure and unsettled questions that are fundamental to the development of the law of class actions, about which there is a compelling need for immediate resolution. *See Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139-40 (2d Cir. 2001). Accordingly, this Petition meets the strict criteria for review under Rule 23(f).

## STATEMENT OF JURISDICTION AND RELIEF SOUGHT

The district court had jurisdiction under 28 U.S.C. § 1331 (federal question). The Magistrate Judge had jurisdiction to issue the Certification Order pursuant to 28 U.S.C. § 636(c). Dkt. 99. This Court has jurisdiction over this appeal under 28 U.S.C. § 1292(e), incorporating Federal Rule of Civil Procedure 23(f). The Certification Order was entered July 5, 2023, and this appeal is timely filed. Dkt. 106 (attached as Appendix 1); Fed. R. Civ. P. 23(f). This Court has jurisdiction over this appeal under 28 U.S.C. § 636(c)(3). Plaintiffs seek permission under Rule 23(f) to appeal the court's denial of class certification; the relief Plaintiffs ultimately seek from this Court is reversal of the Certification Order.

## STATEMENT OF FACTS

This petition arises from the denial of class certification pursuant to Fed. R. Civ. P. 23 as part of a motion for final approval of a proposed collective and class action settlement. The complaint was brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and New York Labor Laws ("NYLL"). App. 7.

The settlement agreement is contingent on final approval under Rule 23(e)(1) and (2), respectively, App. 8, at 7-8 11. The motions for both preliminary and final approval were referred to the Magistrate Judge by the parties' consent under 28 U.S.C. § 636(c). App. 2.

On January 17, 2023, the court preliminarily approved the settlement under Rule 23(e)(1), finding it could likely approve the settlement under Rule 23(e)(2) and to certify the class for settlement purposes after dissemination of notice to the class and the final approval hearing. App. 5, ¶¶ 3-4. The preliminary approval order also provided that "Jason T. Brown or Nicholas Conlon of Brown, LLC are appointed, for settlement purposes only, as Class Counsel for the Class Member." *Id.* at ¶ 7.

Notice was sent to 64 Plaintiffs/Opt-in Plaintiffs who previously consented to join the collective action under 29 U.S.C. § 216(b), and 220 members of the putative Rule 23 class, 99 of whom submitted claim forms in accordance with the settlement agreement. App. 9, at 5, ¶¶ 6, 11. Only one putative class member opted out, and there were no objections. *Id.* at ¶¶ 12-13. Had the settlement been approved after the final approval hearing, the case would now be dismissed and these 163 workers would be just weeks away from receiving payments totaling over $350,000, exclusive of service awards, attorneys fees, and costs. *Id.* at ¶ 16.

In the Certification Order, the court denied class certification, and hence final approval of the settlement, due to the court's finding that Plaintiffs had failed to demonstrate that their current counsel would adequately represent the class. The court did not reach the remaining requirements of Rule 23(a) and (b) or the fairness of the settlement. App. 1, at 6.

The court's adequacy concerns focused on "counsel's conduct in *Bonura v. Uhl Ventures, LLC*, 22-cv-395, and in their attempts to justify that conduct in this case." *Id.* at 3. *Bonura* is a separate case pending in the Western District of New York in which counsel represents a plaintiff and an opt-in plaintiff. Although *Bonura* is also a putative collective and class action brought under the FLSA and NYLL, it involves completely different parties, claims, and putative collective and class members than in this case. App. 10. The Certification Order referenced the March 9, 2023 Report and Recommendation in *Bonura* denying a motion for approval of proposed individual settlement agreements that would have covered only the plaintiff and the opt-in plaintiff. Apps. 4 ("*Bonura* R&R"), 11. The *Bonura* R&R found the plaintiff's motion to be a "perfect example of [] abuse," citing *inter alia*, the fact that the plaintiffs did not move to certify the collective or class or include putative collective or class members in the settlement, and that the proposed attorneys' fees were too high. App. 4, at 9.

In the Certification Order, the court incorporated the *Bonura* R&R and concluded counsel's conduct referenced therein was unethical, thus undermining their adequacy to represent the *Trinity* class. App. 1, at 6. Although Plaintiffs presented arguments to the contrary based on the New York Rules of Professional Conduct and other authoritative standards (supported by an opinion from a former member of the New York State Appellate Division Grievance Committee), App. 12,

at 14-25; App. 13, the Certification Order largely did not address these arguments, and instead reasoned that counsel's conduct was inconsistent with the dictionary meaning of "ethical," and that counsel had waived their arguments by not objecting to the *Bonura* R&R. App. 1, at 4.[1] The Order also did not address the evidence Plaintiffs submitted in support of their request to be appointed class counsel, App. 14, at 35, including the steps they took and resources they expended to advance the case and negotiate the class-wide settlement, App. 15, and citations to other federal actions in which counsel had been appointed class counsel. App. 16, at 3-6.

## ISSUES PRESENTED AND REASONS FOR GRANTING THE PETITION

Under Rule 23(f), this Court has the "unfettered discretion" to permit an interlocutory appeal from an order denying class certification. Fed. R. Civ. P. 23(f) 1998 Advisory Committee's Note. A petitioner must make a showing that "either (1) that the certification order will effectively terminate the litigation and there has been a substantial showing that the district court's decision is questionable, or (2) that the certification order implicates a legal question about which there is a

---

[1] The Certification Order notes that counsel provided a "wrong" and "irrelevant" answer to the court's question at the fairness hearing about *Cheeks v. Freeport Pancake House, Inc.*, 795 F.3d 199 (2d Cir. 2015), and violated Rule 11(b)(3) by stating in their Final Approval Motion "continuing through the present, all factual contentions in the *Bonura* Complaint have had evidentiary support…." *Id.* at 5; App. 3, 15:19 – 16:12. Plaintiffs respectfully submit that the court abused its discretion by making and giving undue weight to these findings and intend to so argue in their merits brief.

compelling need for immediate resolution." *Sumitomo*, 262 F.3d at 139. Under the second prong, "a novel legal question will not compel immediate review unless it is of fundamental importance to the development of the law of class actions and it is likely to escape effective review after entry of final judgment." *Id.* at 140.

This Court reviews a class certification order for abuse of discretion, with the Court applying a *de novo* review to the district court's construction of legal standards. *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015). The Court applies a "noticeably less deferential standard when the district court has denied class certification." *Id. at* 405 (internal quotation marks omitted).

This appeal meets the mandates of *Sumitomo*'s second prong. The Certification Order erred in its treatment of the following six legal issues.

**<u>Issue 1</u>:** **May a district court deny a motion for class certification under Fed. R. Civ. P. 23 based on the plaintiff's failure to prove adequacy of counsel, without considering the factors set forth in Fed. R. Civ. P. 23(g)(1)?**

Fed. R. Civ. P. 23(g) regulates the process of appointing class counsel, and "requires courts to consider several criteria, including counsel's efforts investigating the claims, experience with class actions, knowledge of the area of law, and resources." *Jianmin Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 255 (2d Cir. 2021).

The Certification Order was primarily based on the court's finding that class counsel had committed "unethical" conduct in a separate matter, but does not address the Rule 23(g) factors. *See generally id*. This is reversible error. *City of N.Y.*

*v. Grp. Health Inc.*, 649 F.3d 151, 156 (2d Cir. 2011) ("A district court abuses its discretion when it bases its ruling on an incorrect legal standard." (internal quotation marks and citations omitted)). In *Sheinberg v. Sorensen*, the Third Circuit permitted interlocutory appeal of an order denying recertification of a class where "neither the parties nor the District Court so much as recognized the existence of [Rule 23(g)]" and consequently failed to consider the Rule 23(g) factors. 606 F.3d 130, 133 (3d Cir. 2010); *see also id.* ("[A] district court's failure to follow Rule 23(g)'s dictates would be a sufficient basis on which to vacate the denial of recertification as an abuse of discretion.").

Instead of following Rule 23(g), the court below stated that its analysis was pursuant to Rule 23(a)(4). App. 1, at 2. While courts have traditionally tested the adequacy prong under that subsection, beginning in 2003, questions concerning the adequacy of counsel have been evaluated under Rule 23(g). Fed. R. Civ. P. 23(g) 2003 Advisory Committee's Note. Despite this, "[c]ourts in the Second Circuit have continued to consider the adequacy of class counsel under Rule 23(a)(4)[.]" *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 164 n.16 (S.D.N.Y. 2017); *Kalish v. Karp & Kalamotousakis, LLP*, 246 F.R.D. 461, 463 (S.D.N.Y. 2007) (observing "confusion about which part of Rule 23 requires an examination of the adequacy of counsel").

There is no published decision of this Court explicitly holding that Rule 23(g) supplanted the adequacy-of-counsel inquiry under Rule 23(a)(4). *But see Jianmin Jin*, 990 F.3d at 263 (noting that Congress enacted Rule 23(g) to codify the judicial practice of assessing class counsel's adequacy under Rule 23(a)(4)). While some district courts have recognized that a court conducting an inquiry under Rule 23(a)(4) must apply the Rule 23(g) factors, *see Kalish*, 246 F.R.D. at 463 n.4, others have treated Rule 23(a)(4) as an independent inquiry. *See Avila v. Ardian Corp.*, No. 18-CV-4795-FB-TAM, 2022 U.S. Dist. LEXIS 146596, at *10 (E.D.N.Y. Aug. 16, 2022). The inconsistent application of Rule 23(g) among lower courts highlights the significance of this issue to the development of class action law, supporting interlocutory appeal.

**Issue 2:    May a district court determine that counsel's conduct adversely impacts the plaintiff's ability to prove counsel's adequacy under Fed. R. Civ. P. 23, where that conduct is not a breach of any ethical or fiduciary duties and does not create a serious doubt that counsel will represent the class loyally?**

This Court has not yet established a standard for what type of conduct adversely impacts a finding of counsel's adequacy under Rule 23. Neither of the Court's two recent cases about adequacy of counsel, *Jianmin Jin*, 990 F.3d at 262-64 (affirming de-certification of class under Rule 23(g) where the record was "replete with counsel's shortcomings"), and *Hyland v. Navient Corp.*, 48 F.4th 110, 123 (2d Cir. 2022) (rejecting argument that class counsel's relationship with its

litigation funder rendered them inadequate), articulated a standard for district courts to apply when assessing counsel's conduct.

Sister circuits have held that "[m]isconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification." *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011); *see also Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1324 (11th Cir. 2008) (counsel's solicitation of client was not a "major violation" warranting a finding of inadequacy). A "serious doubt" as to class counsel's adequacy also exists "when the misconduct jeopardizes the court's ability to reach a just and proper outcome in the case." *Reliable Money Order, Inc. v. McKnight Sales Co.*, 704 F.3d 489, 499 (7th Cir. 2013); *see also Piambino v. Bailey*, 757 F.2d 1112, 1143-46 (11th Cir. 1985) (disqualifying lead counsel who had an "irreconcilable conflict of interest" with a subset of the class, and who took multiple steps to enrich themselves and the majority class members at the expense of the minority).

Here, rather than citing an authoritative source or rule, the court resorted to the fact that Merriam-Webster Online Dictionary's defines "ethical" to mean "conforming to accepted standards of conduct." App. 1, at 3. This definition leaves open the question *Accepted by who*? Given that the Certification Order does not answer this question by citing any applicable ethical rule or other binding legal

authority that counsel's conduct in *Bonura* allegedly violated, Petitioners respectfully submit that the court did not properly apply the standards set forth above.

As this case illustrates, the absence of a governing standard in this Circuit for evaluating whether counsel's conduct satisfies Rule 23(g)'s adequacy requirements threatens to undermine class actions that could otherwise provide class members with fair and meaningful relief.

**Issue 3:     Does counsel that represents a plaintiff in a case pled as a class action under Fed. R. Civ. P. 23 have an ethical or fiduciary duty before class certification to ensure that a settlement of the plaintiff's claims provides for relief to absent putative class members?**

The Certification Order posits that class counsel fails to "act in the best interest of the class" in violation of its fiduciary duty where class counsel negotiates an individual settlement for the named plaintiff and "ma[kes] no effort to certify the [] class." *Bonura* R&R at 5-6.

Academics and courts alike have noted a lack of authoritative sources discussing the duty owed by class counsel to putative class members prior to certification. *See* Bruce A. Green & Andrew Kent, May Class Counsel Also Represent Lead Plaintiffs?, 72 Fla. L. Rev. 1083, 1118 (2020) ("There is no definitive statement to be found about duties to a nascent class in either FRCP Rule 23, its caselaw, or the ABA Model Rules."); *cf. Formento v. Joyce*, 522 N.E.2d 312, 315 (Ill. 1988) (noting that research did not reveal "any case from Illinois or any other jurisdiction addressing the issue of a class action attorney's duty to unnamed

10

members of the class during the precertification stage of a class action lawsuit"). In *Schick v. Berg*, 2004 U.S. Dist. LEXIS 6842, at *16 (S.D.N.Y. Apr. 20, 2004), the court determined that an attorney owed no fiduciary duty to a putative class prior to certification under Texas law, *id*. at *14, although a "limited" fiduciary duty existed under federal law in the same circumstances, *id*. at *19. However, on appeal, this Court did not reach the federal issue. *Schick v. Berg*, 430 F.3d 112, 116-17 (2d Cir. 2005).

The Certification Order does not cite any legal authority for the proposition that class counsel owes the putative class members any duty, prior to class certification to obtain a favorable outcome or recovery for the class. To the contrary, Rule 23 contemplates that plaintiffs in a case pled as a class action may settle their individual claims before a class is certified.[2]

Any contrary rule would be in tension with ABA Model Rule 1.2(a),[3] which most states have adopted, including New York. *See* N.Y.R.P.C. 1.2(a). Counsel would be put in the untenable position of having to choose between (a) violating ABA Model Rule 1.2(a) by not abiding its clients' settlement decisions; and (b)

---

[2] *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses *of a certified class—or a class proposed to be certified for purposes of settlement*—may be settled, voluntarily dismissed, or compromised only with the court's approval." (emphasis added)); *see also* Fed. R. Civ. P. 23(e) 2003 Advisory Committee's Note.

[3] ABA Model Rule 1.2(a) states, *inter alia*, that "[a] lawyer shall abide by a client's decision to settle a matter."

breaching the supposed duty to obtain relief for the nascent class. At least one district court in this Circuit has rejected this apparent conflict. *See Kulig v. Midland Funding, LLC*, 2014 U.S. Dist. LEXIS 137254, at *12 (S.D.N.Y. Sep. 26, 2014) ("Counsel is wrong to the extent he is of the view that Ms. Kulig's acceptance of an offer, prior to class certification, is a betrayal of the class.").

This issue is of fundamental importance to the development of class actions, which regularly resolve on an individual basis for certification.[4]

**Issue 4:**     **Does counsel that represents a plaintiff in a case pled as a collective action under the FLSA have an ethical or fiduciary duty to absent collective members to move for preliminary certification of the collective?**

The FLSA authorizes a plaintiff to bring a "collective action" for FLSA claims by suing on behalf of themselves and other employees who are "similarly situated." 29 U.S.C. § 216(b). *Shahriar v. Smith & Wollensky Rest. Grp., Inc*., 659 F.3d 234, 243-44 (2d Cir. 2011). "Unlike in traditional 'class actions' maintainable pursuant to [Rule 23], plaintiffs in FLSA representative actions must affirmatively 'opt in' to be part of the class and to be bound by any judgment." *Myers v. Hertz Corp*., 624 F.3d 537, 542 (2d Cir. 2010). "'[C]ertification' is neither necessary nor sufficient for the existence of a representative action under FLSA, but may be a useful 'case

---

[4] *2023 Carlton Fields Class Action Survey*, p. 23 ("On average, 46.2% of class action settlements were on an individual basis in 2022, up from 37.8% last year, and inline with prior years. This may have resulted from the higher number of labor and employment class actions that companies faced in 2022, as those matters can sometimes be settled on an individual basis, depending on the allegations.").

management' tool for district courts to employ in 'appropriate cases.'" *Id.* at 555 n.10 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 174 (1989)).

No Circuit Court of Appeals has directly addressed whether counsel that represents a plaintiff in a case pled as a collective action under the FLSA has an ethical or fiduciary duty to absent collective members, or whether such duty includes mov[ing] for collective certification. The case most directly on point is *Jones v. Casey's Gen. Stores*, 517 F. Supp. 2d 1080, 1083-85 (S.D. Iowa 2007), which found that "the reasoning for finding that class counsel owe a fiduciary duty to putative class members prior to class certification is inapplicable in the context of 'opt-in' collective actions, and thus concluded that plaintiffs' counsel had "not assumed responsibility for representing the putative collective members." Plaintiffs cited *Jones* in the Final Approval Motion, *see* App. 12, at 22, but the Certification Order does not address it. The Order nonetheless finds that Plaintiffs' counsel committed an "ethical violation" in *Bonura* by "ma[king] no effort to preliminarily certify an FLSA collective, . . . and s[eeking] nothing for the class of similarly situated employees," App. 1, at 3,  thus assuming the existence of a duty that no other court has recognized.

The existence and scope of any such duty in the context of FLSA collective actions is a pure question of law that is fundamentally important to the development of the law of Rule 23 class actions, given that both types of claims are "frequently

[brought] together in a single action using the procedural mechanisms available under 29 U.S.C. § 216(b) to pursue the FLSA claims as a collective action and under Rule 23 to pursue the [state law] claims as a class action under the district court's supplemental jurisdiction.'" *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 510 (2d Cir. 2020) (quoting *Shahriar*, 659 F.3d at 244).

**Issue 5:** **For purposes of issue preclusion, do the determinations of whether an individual settlement of a plaintiff's FLSA claims should be approved and whether the plaintiff's counsel is adequate to represent a class under Fed. R. Civ. P. 23 involve identical issues?**

The Certification Order implicates the question of what preclusive effect (if any) to give the findings as to Plaintiffs' counsel's conduct referenced in the *Bonura* R&R. Plaintiffs' Final Approval Motion provided facts and legal arguments regarding why counsel's conduct described in the *Bonura* R&R was not unethical, pursuant to the Judge's directive that the Motion "include a discussion of whether [Plaintiffs'] attorneys' ability to act as class counsel in [*Trinity*] is affected by this court's recent denial of their attorneys' motion for settlement approval in *Bonura*." App. 6, at 2. The Certification Order mostly declined to address these facts and arguments, instead finding that Plaintiffs' counsel was improperly attempting to "relitigate the *Bonura* denial" and stating "I stand by all of [the *Bonura* R&R's] reasoning and conclusions." App. 1, at 4.[5]

---

[5] The Certification Order relies on waiver principles for this point, noting that no objections to the *Bonura R&R* were filed in that case. *Id.* at 4. While "failure to file

The Certification Order's reliance on the *Bonura R&R* could only be permissible if all of the requirements for issue preclusion were satisfied, but it does not address those requirements. "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Issue preclusion applies only if: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party [raising the issue] had a full and fair opportunity to litigate the issue [in the prior proceeding]; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002). While Plaintiffs submit and will argue in their merits brief that none of these requirements are satisfied here, several requirements can be negated as a matter of law.

In order for issue preclusion to apply, the issue of whether the proposed individual settlements in *Bonura* were fair and reasonable under *Cheeks*, 796 F.3d 199 would need to be "identical" to the issue of counsel's adequacy under Rule 23.

---

timely objections with the district court waives subsequent review in the court of appeals," *Thomas v. Arn*, 474 U.S. 140, 144-45 (1985), this rule should have had no bearing on the Magistrate's consideration of the facts and arguments Plaintiffs presented in their Final Approval Motion regarding their counsel's conduct in *Bonura*, given that Plaintiffs are not parties in *Bonura* and that *Bonura* and *Trinity* are separate cases involving different employers, claims, and putative collective and class members. *See Clark v. Zwanziger*, 741 F.3d 74, 78 (10th Cir. 2014) ("[W]aiver as a general matter is a procedural determination that governs only the case in which it is made—not another case….").

15

Issues are "not identical if the standards governing them are significantly different." *Jim Beam Brands Co. v. Beamish & Crawford, Ltd*., 937 F.2d 729, 734 (2d Cir. 1991) (finding no issue preclusion in a trademark infringement action under the Lanham Act, in part because "the issue of likelihood of confusion in a cancellation proceeding may be different from the issue of likelihood of confusion in an action for infringement.").

The question of whether fairness of an individual FLSA settlement and adequacy of proposed class counsel involve identical issues, for purposes of issue preclusion, has not been addressed by any court. As this case illustrates, this question has fundamental importance, as many wage-and-hour counsel in this Circuit handle cases that settle as class actions, and others that settle individually. Their ability to effectively represent employees in either context could be severely impaired if every motion for individual settlement approval under *Cheeks* posed an existential threat to their ability to represent absent class members in other cases. Further, forcing counsel to challenge denials of individual settlement approval to prevent them from having preclusive effect on adequacy in other cases would increase the delays and expenditures that this Court has found to be concerning aspects of *Cheeks* review. *Mei Xing Yu v. Hasaki Rest., Inc*., 944 F.3d 395, 413-14 (2d Cir. 2019).

This issue is further complicated by the fact that this Court has not adopted a particular standard in either the content of individual settlement approval under

*Cheeks* or adequacy of class counsel. This Court has not decided whether adequacy must be analyzed under the Rule 23(g)(1) factors. *See supra*, at 6-8. Similarly, while this Court held in *Cheeks* that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect," 796 F.3d at 200, the Court "express[ed] no opinion as to ... what the district court must consider in deciding whether to approve the putative settlement," *id.* at 203 n.3, and has declined to adopt a particular standard in subsequent decisions.

The purposes underlying approval of FLSA settlements and Rule 23's adequacy requirement are significantly different, such that this Court readily should conclude as a matter of law that they do not involve identical issues for purposes of issue preclusion. FLSA settlement approval is intended to "prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees. *Cheeks*, 796 F.3d at 207. By contrast, "Rule 23's requirements of adequacy and typicality are intended to protect the due process rights of absent class members, which is not a consideration in a nonrepresentative action such as a collective action under § 216(b)." *Scott*, 954 F.3d at 519.

**Issue 6:**   **In deciding whether counsel is adequate under Fed. R. Civ. P. 23, does the general rule against binding nonparties to judgments prohibit giving issue preclusive effect to a decision rendered in another action in which the plaintiff was not a party or member of a certified class?**

The United States Supreme Court has "repeatedly 'emphasize[d] the fundamental nature of the general rule' that only parties can be bound by prior

17

judgments," and has accordingly "taken a 'constrained approach to nonparty preclusion,'" *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (quoting *Taylor*, 553 U.S. at 898), and has "endeavored to delineate discrete exceptions that apply in 'limited circumstances.'" *Taylor*, 553 U.S. at 898 (quoting *Martin v. Wilks*, 490 U.S. 755, 761 (1989)).

The Certification Order assumes that Plaintiffs can be bound by the *Bonura* R&R, despite the fact that they are not parties or putative collective or class members in *Bonura*, and the only connection to the *Bonura* case is that they are represented by the same counsel. The Certification Order does not analyze whether any of the exceptions to nonparty preclusion apply here, *Taylor*, 553 U.S. at 893-95, and Plaintiffs submit that none do.

Another court in this Circuit found that plaintiffs' ability to prove their counsel's adequacy under Rule 23 was subject issue preclusion based on a finding of inadequacy in a different case brought by different plaintiffs but involving related employers, nearly identical claims, and overlapping classes. *See Huang v. Shanghai City Corp.*, 2022 U.S. Dist. LEXIS 84498, at *50-68 (S.D.N.Y. May 10, 2022). As the *Huang* court recognized, *id.* at *65-67, this position is in tension with *Smith*, in which the Supreme Court held that an unnamed member of a proposed but uncertified class was not bound by principles of the law of preclusion by an earlier order denying a motion for class certification brought by another member of the

proposed class, and rejected the argument that "policy concerns relating to use of the class action device" were sufficient to "bind[] nonparties to a judgment." 564 U.S. at 299, 316-17.

This Court's resolution of this issue is necessary to strike the proper balance between protecting the due process rights of absent class members from inadequate representation with the due process rights of class representatives to prove their counsel's adequacy under Rule 23. *See Taylor*, 553 U.S. at 884 (noting that issue preclusion is "subject to due process limitations" and that "[e]xtending the preclusive effect of a judgment to a nonparty runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'" (quoting *Richards v. Jefferson Cty.*, 517 U.S. 793, 798 (1996)).

## THESE ISSUES WILL ESCAPE EFFECTIVE REVIEW ABSENT IMMEDIATE APPEAL UNDER SUMITOMO PRONG 2

The above issues, in addition to having fundamental importance to the development of the law of class actions, are also likely to escape effective review after final judgment. Absent an immediate appeal, the Plaintiffs will be forced to either continue the litigation with their current counsel, who the court is unlikely to find adequate in any future class certification motion, or find new counsel. If Plaintiffs continue the litigation with their current counsel, the settlement agreement will become void if final approval is denied and this Court rejects this appeal, *see* App. 8, at 11, § 2.9, in which case an appeal from the Certification Order would be

moot, because there would no longer be an effective settlement agreement for the court to approve or settlement class to certify. *See Brooks v. Ga. State Bd. Of Elections*, 59 F.3d 1114, 1118-21 (11th Cir. 1995). If Plaintiffs find new counsel, an appeal of the Certification Order would be moot because a reversal of that stage could not undo Plaintiffs' replacement in counsel. Even if the issues in the Certification Order remained live after final judgment, there is significant doubt that Plaintiffs would have the incentive to pursue their individual claims through trial and then appeal, due to the low individual damages at stake in FLSA/NYLL cases like this one,[6] and difficulties with satisfying the Rule 23 criteria after final judgment. *See In re White*, 64 F.4th 302, 310-12 (D.C. Cir. 2023).

Further, given that the court previously found it could likely certify the class and approve the settlement, App. 5, a reversal of the Certification Order would likely result in the class being certified and the settlement being approved. *See* Fed. R. Civ. P. 23(f) committee notes ("Permission is most likely to be granted ... when, as a practical matter, the decision on certification is likely dispositive of the litigation.").

## **CONCLUSION**

For the foregoing reasons, this Court should grant the petition to appeal under Rule 23(f).

---

[6] This Court has previously granted Rule 23(f) petitions from denials of class certification in wage-and-hour collective and class actions. *See Scott*, 954 F.3d at 509; *Roach*, 778 F.3d at 404; *Myers*, 624 F.3d at 545.

Respectfully Submitted,

Dated:        July 19, 2023        By:  */s/ Jason T. Brown*
                                        Jason T. Brown
                                        Nicholas Conlon
                                        BROWN, LLC
                                        111 Town Square Pl, Suite 400
                                        Jersey City, NJ 07310
                                        TEL: (877) 561-0000
                                        FAX: (855) 582-5297
                                        jtb@jtblawgroup.com
                                        nicholasconlon@jtblawgroup.com

                                        *Attorneys for Petitioners-Plaintiffs*

21