UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CLAUDE ROBERTSON and JOHN SZALASNY, individually, and on behalf of others similarly situated,

        Plaintiffs,

v.

TRINITY PACKAGING CORPORATION

        Defendant.

**DECISION AND ORDER**

**Case No. 1:19-cv-659-JLS-JJM**

---

Familiarity with the relevant facts and procedural history is presumed. Before the court is plaintiffs' unopposed motion [110][1] seeking reconsideration of my July 5, 2023 Decision and Order ("D&O") [106] which denied their also unopposed motion [102] for final certification of this case as a Fair Labor Standards Act ("FLSA", 29 U.S.C. §201 *et seq.*) collective action and Fed. R . Civ. P. ("Rule") 23 class action for settlement purposes, and final approval of the proposed settlement. Plaintiffs have also petitioned the United States Court of Appeals for the Second Circuit for leave to appeal from the D&O. *See* July 28, 2023 letter [109]; Petition to Appeal [113].[2]

        Several weeks ago I was contacted by a clerk from the Second Circuit, who stated that the court will await my decision on the motion for reconsideration before acting on the plaintiffs' Petition to Appeal. Without presuming to suggest whether the Second Circuit should allow the appeal, in deciding this motion I will also comment upon certain arguments raised in

---

[1] Bracketed references are to CM/ECF docket entries and, unless otherwise indicated, page references are to CM/ECF pagination.

[2] Second Circuit Case Number 23-1043, Document 1.

the Petition, because they differ from what plaintiffs have argued to me in seeking reconsideration.

## DISCUSSION

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances . . . . The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Van Buskirk v. United Group of Companies, 935 F.3d 49, 54 (2d Cir. 2019). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992). "These criteria are strictly construed against the moving party." Boyde v. Osborne, 2013 WL 6662862, *1 (W.D.N.Y. 2013).

In moving for reconsideration, plaintiffs do not suggest that there has been an intervening change in the law, nor do they argue that my decision was clearly erroneous or manifestly unjust. Instead, they claim that "reconsideration is supported by the availability of new evidence, as there are three factual developments subsequent to the Court's order denying final approval that we respectfully submit are supportive of the undersigned counsel's competence and integrity . . . "(i) the reaching-in-principle of a proposed collective action settlement in the Bonura case [Bonura v. Uhl Ventures LLC et al., 22-cv-395] . . . which we expect will be submitted for the Court's approval in the near future; (ii) counsel's willingness in this case to reduce their request for attorneys' fees . . . [and] (iii) Brown, LLC's mandate to its

lawyers to watch a CLE regarding, 'Examining the Ethical Duties of Class Counsel'". Plaintiffs' Memorandum of Law [110-1] at 1-2.

While I appreciate plaintiffs' efforts, this new evidence does not meaningfully address my concerns regarding their counsel's competence and integrity, which I discussed at length both in the D&O and in my decision in Bonura [103-5], ___F.3d___, 2023 WL 2868662 (W.D.N.Y. 2023).[3] These concerns are particularly important in the context of a class action settlement, because "in no other context do we find courts . . . so completely dependent on the parties who have the most to gain from favorable court action". 4 Newberg and Rubenstein on Class Actions, §13:40, n. 9 (6th ed.). "[T]he court is presented information representing only one side of the issue (pro-settlement) . . . . Hence, the court often lacks the information necessary to make a truly informed decision". Id., §13:40.

While "[r]ecommendations of experienced counsel are entitled to great weight in evaluating a proposed settlement in a class action because such counsel are most closely acquainted with the facts of the underlying litigation", Godson v. Eltman, Eltman, & Cooper, P.C., 328 F.R.D. 35, 53 (W.D.N.Y. 2018), "[i]n this context, courts are using 'experience' as something of a proxy for . . . 'trustworthiness'". 4 Newberg, §13:59; Jones v. Singing River Health Services Foundation, 865 F.3d 285, 300 (5th Cir. 2017). For the several reasons discussed in the D&O and in Bonura, I unfortunately do not find counsel to be trustworthy.

Although plaintiffs do not argue to *me* that my decision was clearly erroneous or manifestly unjust, they tell the Second Circuit that I abused my discretion by "making and giving undue weight" to my findings that counsel "provided a wrong and irrelevant answer to the

---

[3] "[A] Court must scrutinize the character, competence and quality of counsel retained by the plaintiff . . . . In assessing the adequacy of counsel, a court may examine class counsel's conduct in both: (1) prior litigations, and (2) the putative class action before the court." Kingsepp v. Wesleyan University, 142 F.R.D. 597, 599 (S.D.N.Y. 1992).

court's question at the fairness hearing . . . and violated Rule 11(b)(3)". Petition to Appeal [113] at 10, n. 1. However, they do not explain why that is so, stating only that they "intend to so argue in their merits brief". Id.

        Contrary to plaintiffs' unexplained suggestion, those findings were proper, and the weight which I gave them was entirely justified. Notwithstanding the well-settled requirement of court approval for the settlement of an FLSA claim (Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015)), counsel initially attempted to settle the Bonura action without seeking that approval. When I asked why he did so, he responded that that "if the defendant . . . wants some sort of dismissal without prejudice, no approval is required". Fairness hearing transcript, [108] at 16. Not only was he mistaken (see D&O [106] at 4, n. 3), but he knew that the settlement which he intended to finalize was *with* prejudice.[4] Therefore, his attempt to settle without seeking court approval - while perhaps understandable in light of the proposed settlement's numerous flaws which I discussed in recommending that the proposal be denied (see 2023 WL 2868662) - severely undercuts his trustworthiness.

        Counsel's Rule 11 violations in this case are equally troubling. On June 5, 2023 counsel told this court that "[u]pon filing and continuing through the present, all factual contentions in the Bonura Complaint have had evidentiary support, and all legal contentions have had sufficient merit". Plaintiffs' Memorandum of Law [103] at 20. "Continuing" means "[u]ninterrupted; persisting". Black's Law Dictionary (11th ed. 2019). However, as of that date

---

[4]    See counsel's December 20, 2022 letter in Bonura, 22-cv-395 [27]: "Pursuant to the parties' agreement, Plaintiff Tony Bonura and opt-in Plaintiff Rebecca Knight shall settle and dismiss with prejudice their employment claims against Defendants . . . . The Parties respectfully request that the Court issue an Order . . . allowing the parties twenty-one (21) days to finalize their settlement papers and file a voluntary Joint Stipulation of Dismissal."

counsel knew that not "all" of the Bonura Complaint's allegations had evidentiary support and merit "continuing through the present".

For example, the Complaint alleged that Bonura "bring[s] his FLSA claims (Count I) on a collective basis . . . on behalf of . . . all other similarly situated hourly-paid technicians". [104-5], ¶6. That allegation was no longer true on June 5, 2023: whereas the phrase "on behalf of" means "as the . . . representative of" (Black's Law Dictionary (11th ed. 2019)), plaintiffs stated that their "counsel have *not* assumed responsibility for representing the putative collective members". *See* plaintiffs' Memorandum of Law [103] at 27 (emphasis added).

The Complaint also alleged that Bonura "bring[s] his NYLL claims . . . pursuant to Rule 23 . . . on behalf of himself and all other similarly situated hourly-paid technicians"; that he "reasonably estimates that there are more than forty (40) Rule 23 Class members"; that he "will fully and adequately protect the interests of the Rule 23 Class"; that "[n]either [he] nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class"; and that "class certification is appropriate". [104-5], ¶¶7, 45, 48, 51, 52.  As discussed in my D&O ([106] at 4-5), *none* of these allegations remained true as of June 5, 2023.

Rule 11 imposes "ethical standards upon attorneys", Pannonia Farms, Inc. v. USA Cable, 426 F.3d 650, 652 (2d Cir. 2005), and "an attorney may violate Rule 11 by reaffirming to the court and advocating positions contained in pleadings and motions after learning that they cease to have any merit" Lopez v. Constantine, 1997 WL 337510, *2 (S.D.N.Y. 1997).[5] Moreover, the fact that counsel repeated these assertions under oath (Brown Declaration [104],

---

[5] Although I conclude that counsel violated Rule 11, I need not issue an Order to Show Cause pursuant to Rule 11(b)(3), because I am not imposing a sanction. *See* Ipcon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 63 (2d Cir. 2012) ("even when a district court finds a violation of Rule 11, the decision whether to impose a sanction for a Rule 11(b) violation is committed to the district court's discretion . . . . In short, sanctions under Rule 11 are discretionary, not mandatory").

¶30) "make[s] it no more than prudent to regard all that he says with strong suspicion, and to place no reliance on his mere statements". United States v. Weinstein, 452 F.2d 704, 713 (2d Cir. 1971).

"[U]nethical conduct, not necessarily prejudicial to the class, nevertheless raises a serious doubt about the adequacy of class counsel when the misconduct jeopardizes the court's ability to reach a just and proper outcome in the case." Reliable Money Order, Inc. v. McKnight Sales Co., 704 F.3d 489, 499 (7th Cir. 2013), *cited* in Petition to Appeal [113] at 14. That principle applies here. "In order for the Court to conduct proceedings properly, it must be able to rely upon representations made on the record by attorneys licensed to practice before it", Hassoun v. Searls, 467 F. Supp. 3d 111, 129 (W.D.N.Y. 2020), and "trust that [counsel's] representations are truthful, accurate and not misleading". In re Omeprazole Patent Litigation, 2005 WL 818858, *8 (S.D.N.Y. 2005). Therefore, "[w]hen class counsel have demonstrated a lack of integrity, a court can have no confidence that they will act as conscientious fiduciaries of the class". Creative Montessori Learning Centers v. Ashford Gear LLC, 662 F.3d 913, 918 (7th Cir. 2011).

Plaintiffs argue to the Second Circuit (but not to me) that I erred by considering counsel's adequacy under Rule 23(a)(4) rather than Rule 23(g). Petition to Appeal [113] at 11-13. However, "the move of the analysis of counsel's adequacy from Rule 23(a)(4) to Rule 23(g) . . . [is] more stylistic than substantive". 1 Newberg, §3:80. *See* Jin v. Shanghai Original, Inc., 990 F.3d 251, 263 (2d Cir. 2021) ("[c]ourts . . . historically assessed the adequacy of class counsel under Rule 23(a)(4) even though that provision only concerns the adequacy of the class representatives . . . . When Congress enacted Rule 23(g) governing the appointment of class counsel, it codified this judicial practice"); Kalish v. Karp & Kalamotousakis, LLP, 246 F.R.D.

461, 463 (S.D.N.Y. 2007) ("while there may be confusion about which part of Rule 23 requires an examination of the adequacy of counsel . . . it is clear that the court's analysis remains largely the same").

Therefore, any error in my reliance upon Rule 23(a)(4) rather than Rule 23(g) should be disregarded, since it does "not affect the substantial rights of the parties". 28 U.S.C. §2111; McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 554 (1984).

## CONCLUSION

The grant or denial of a motion for reconsideration "is addressed to the sound discretion of the district court". Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009). In the exercise of my discretion and for the reasons discussed, plaintiffs' motion for reconsideration [110] is denied.

**SO ORDERED.**

Dated: December 15, 2023.

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge